■ RICHARD BANKS et al., Appellants, v ROBERT DeMILLO, Individually and Doing Business as R.D.M. CONSTRUCTION, Respondent.—Order unanimously reversed on the law with costs, defendant's motion denied and matter remitted to Supreme Court, Seneca County, for further proceedings, in accordance with the following memorandum: In 1979, defendant orally agreed to construct two chimneys at plaintiffs' residence. The home was substantially damaged by fire in 1984, and on August 30, 1985, plaintiffs commenced this action, alleging that the damage was caused by defendant's negligent construction. After joinder of issue, defendant moved for summary judgment upon the ground that the action was barred by the Statute of Limitations. He claimed that construction of the chimneys was completed "during the summer of 1979", more than six years before commencement of the action.

Because the alleged negligent acts had their genesis in the contractual relationship of the parties, the six-year Statute of Limitations applied, and the claim accrued upon completion of the actual physical work *(State of New York v Lundin,* 60 NY2d 987; *Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389). On this motion, defendant had the burden of negating the existence of any triable issue of fact and demonstrating factually that he was entitled to judgment as a matter of law *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Zuckerman v City of New York,* 49 NY2d 557). Special Term erred by concluding that defendant met that burden. The judicial role is issue finding, not issue resolution, and summary relief should be denied where there is any doubt regard-

ing the existence of a factual issue *(Rotuba Extruders v Ceppos,* 46 NY2d 223; *Keith v Houck,* 88 AD2d 763). The general assertion that work was completed "during the summer of 1979" fails to demonstrate, as a matter of law, that work was completed more than six years prior to August 30, 1985; it merely suggests that construction *may* have been completed prior to that date, not that it actually was. Summary judgment is not warranted where the precise date of accrual remains debatable *(see, Unitron Graphics v Mergenthaler Linotype Co.,* 75 AD2d 783; *Walski v Forma,* 54 AD2d 776). We reverse the order and remit the matter so Special Term can consider whether to grant plaintiffs' cross motion for discovery. (Appeal from order of Supreme Court, Seneca County, DePasquale, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Green and Balio, JJ.