■ ANNA MARK, Doing Business as MARKSTONE REALTY CO., Appellant, v YESHAYAHU ESHKAR, Respondent, et al., Defendants. [598 NYS2d 255] —Order, Supreme Court, New York County (Burton S. Sherman, J.), entered June 29, 1992, to the extent that it dismissed the first cause of action of the complaint against defendant Eshkar as barred by the statute of limitations, unanimously reversed, on the law, the judgment entered thereon (August 7, 1992) is vacated, and that cause of action is reinstated, without costs.

Plaintiff is the owner of Manhattan premises which share a party wall with the adjacent building owned by defendant

Jules Schapiro. In 1984 Schapiro undertook a gut rehabilitation of his building resulting in relatively minor damage to the wall, which was assumed by the parties to result from construction vibration. Schapiro paid plaintiff for this injury. In 1989 larger cracks, allegedly structural, became manifest in the wall. Plaintiff's investigation of the cause for this new damage revealed that Schapiro's construction of a new foundation for the party wall had been accomplished by the use of supporting piers instead of one continuous foundation, a method claimed to be a departure from sound and acceptable engineering practice. Plaintiff further alleged that defendant Eshkar, a licensed engineer, had supervised this work undertaken by Schapiro, and at issue on appeal is whether plaintiff's cause of action in negligence against Eshkar was barred by the three-year statute of limitations, this action having been commenced in May 1990.

The decisive question is when plaintiff's cause of action accrued. The IAS Court held that the "injury" to the wall was the defective underpinning itself, rather than the structural cracks, and the limitation period commenced to run in February 1985, when the certificate of occupancy issued. We hold to the contrary, that this cause of action accrued in 1989, when the new structural cracks appeared. The applicable rule is stated in 75 NY Jur 2d, Limitations and Laches, § 196, as follows: "Under the general principles applicable to the accrual of tort actions, in an action for damages to a building resulting from the loss of lateral support, the cause of action accrues when damages are sustained, rather than at the time of the removal of the lateral support. And where the wrong consists of the disturbance of the surface, the statute of limitations does not commence to run until the damage has become visible through the development of injuries to the surface of the plaintiff's land." Cases cited therein hold that in actions for negligent construction, the statute begins to run when the structure collapses, or when the damage from the negligent construction otherwise becomes apparent.

In our view, the motion court mistakenly relied upon *Schmidt v Merchants Desp. Transp. Co.* (270 NY 287), a personal injury action involving the ingestion of dust by an industrial worker. Also distinguished from the case at bar are actions based on encroachments to realty where a negligence cause of action is held to accrue on the date of the encroachment, irrespective of the injured party's knowledge; in order to escape the statute of limitations, such an action can only survive on a theory of continuing trespass *(509 Sixth Ave.*

*Corp. v New York City Tr. Auth.*, 15 NY2d 48). Concur—
Ellerin, J. P., Wallach, Kupferman and Asch, JJ.