■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, as Subrogee of DO DO NI FOOD CORP., Doing Business as HARBORSIDE RESTAURANT, Appellant, v TRI-CON CONSTRUCTION CORP., Respondent. [638 NYS2d 155] —In an insurance subrogation action to purportedly recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered June 17, 1994, which granted the defendant's motion to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff insurance company brought this action on behalf of its subrogor, a restaurant owner, for property damage caused by a fire. The plaintiff alleges that the defendant, during renovation of the premises in 1979, negligently installed an exhaust system in close proximity to a wooden joist in the infrastructure of the building, leading to the fire, which occurred in 1992.

The Supreme Court properly dismissed the complaint determining that it sounded in contract and not in tort, and that the six-year Statute of Limitations on the contract action, which started running at the time the work was completed, had expired. It is well established that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389; *Banks v DeMillo,* 145 AD2d 903). The test is whether the duty of care alleged is one expressly or impliedly stemming from the contractual relationship or one existing independently. Here, the claim is essentially that the defendant breached its obligation to install a safe and effective exhaust mechanism. This obligation arises solely from the contractual relationship *(see, Sommer v Federal Signal Corp.,* 79 NY2d 540).

Moreover there is no merit to the plaintiff's contention that the effect of the heat from the exhaust duct which caused a wooden member of the structure to chemically decompose and eventually combust falls in the category of "toxic torts"

contemplated by CPLR 214-c, for which the statutory limitations period commences at the time of discovery of the injury or property damage.

There is no merit to the plaintiff's remaining contentions. Santucci, J. P., Altman, Friedmann and Florio, JJ., concur.