■ VINCENT ALAMIO et al., Appellants, v TOWN OF ROCK-LAND, Respondent. [755 NYS2d 754] —Peters, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered December 11, 2001 in Sullivan County, upon a decision of the court in favor of defendant.

In 1986, plaintiffs purchased a building which housed a movie theater, two apartments and other commercial space. The movie theater abuts a parking lot maintained by defendant, which plaintiffs claim has caused severe water damage to their building. When the lot was paved by defendant in the late 1960s or early 1970s, the former owner of the building gave defendant permission to pave past its property line to the side of plaintiffs' building; its general composition, dimensions and contour have remained unchanged.

Plaintiffs did not conduct a formal inspection of the building prior to their purchase. In 1995, intending to sell the building, plaintiffs conducted a full inspection and discovered major water damage to its structure. In January 1996, plaintiffs filed a notice of claim alleging, inter alia, nuisance, trespass, negligence, and common-law tort through the diversion of water, snow and ice onto their property. On October 9, 1996, plaintiffs commenced this action alleging, inter alia, a continuing trespass and nuisance. They thereafter moved for summary judgment, prompting defendant to cross-move for the same relief and permission to amend its answer to include a statute of limitations defense. Supreme Court (Meddaugh, J.) denied both parties' motions for summary judgment, but granted defendant leave to amend its answer. Following a bench trial, Supreme Court (Kavanagh, J.) entered judgment in favor of defendant finding that plaintiffs failed to establish

that defendant caused the problem, and that even if it did, the claims were time-barred. Plaintiffs appeal.

Upon our independent review of the evidence presented in this nonjury case, "giving due deference to the trial court's determinations regarding witness credibility" (*Riggs v Benning*, 290 AD2d 716, 717), we affirm the judgment of Supreme Court. There is no evidence supporting plaintiffs' claim that the grading of the parking lot caused water to drain into their basement; in fact, expert testimony was to the contrary. Additionally, testimony described the building as having no gutters, with rusting on its exterior metal facing both at its base as well as at its highest levels. Such rusting was indicative of significant amounts of water flowing down the walls of the building, infiltrating the soil next to its foundation.

As to the further contention that defendant's method of snow plowing caused accumulations of snow to be deposited against the north side of the building, thereby causing water damage from seepage into the basement, the testimony of Bowman Owen, defendant's highway superintendent, and Elton Harris, defendant's former supervisor, was determinative. Both testified that the plow pushes the snow to the far end of the parking lot in a path parallel to the north side of plaintiffs' building. Owen also testified that the workers were specifically instructed not to pile snow against the buildings. Despite plaintiffs' submission of photographs showing the contrary, record evidence established that someone other than defendant was also plowing that parking lot. Plaintiffs failed to submit any further evidence linking defendant to these snow accumulations deposited against their building. Further, evidence revealed that the building was 75 years old, in a general state of disrepair, with little maintenance and preventative work done since plaintiffs' acquisition.*

As to the issue of timeliness, our assessment must focus on whether the principal objective of the action is equitable rather than monetary relief, not on how plaintiffs choose to characterize their claims (*see Stanford Hgts. Fire Dist. v Town of Niskayuna*, 120 AD2d 878, 879-880; *cf. Watts v Gardiner*, 90 AD2d 615, 615; *Fontana v Town of Hempstead*, 18 AD2d 1084,

---

* In fact, the evidence revealed that along the south side of the building there was denting and damage to the walls, as well as frost damage which impaired its structural integrity. Along with the rot noted along the north wall caused by moisture, the evidence revealed frozen and broken pipelines in all restrooms located in the middle of the building, the ceiling had come down in the second-story apartment due to leakage from the roof and plaintiffs' expert indicated that there was water coming in the building along the east wall causing damage to the flooring in that part of the building.

1084, *affd* 13 NY2d 1134). Our review supports the determination that the principal objective of this action was to collect money damages in an effort to recoup part of a lost investment. The determination that plaintiffs simply abandoned any efforts at maintenance or repair is supported by pictures of animal skeletons found in various parts of the building, extensive broken and leaking pipes, falling ceilings, and the fact that the theater operated only for a brief period of time during their ownership. Accordingly, claims pertaining to the paving project, governed by General Municipal Law §§ 50-e and 50-i, were properly dismissed as untimely (*see* General Municipal Law §§ 50-e, 50-i).

Under a theory of continuing trespass and nuisance, the action bodes no better. Pursuant to CPLR 214 (4), the injury must be deemed to accrue " 'when the damage [was] apparent' " (*Mandel v Estate of Frank L. Tiffany*, 263 AD2d 827, 829, quoting *Cranesville Block Co. v Niagara Mohawk Power Corp.*, 175 AD2d 444, 446). Both expert witnesses testified that the damage to the property had accrued over a number of years. Plaintiff Vincent Alamio, who testified that he had been in the construction business prior to his ownership of the theater, admitted to having noticed water damage and damage to the foundation just a few years after his purchase. Further, plaintiffs acknowledged that as early as 1990, they observed water stains on the theater walls and conceded that they took no action to investigate. Robert Lawrence, a former tenant of plaintiffs, testified that he notified them about a continuing water problem in the basement sometime in the mid 1990s. With the water damage to this property apparent more than three years prior to the commencement of this action, the claim was properly dismissed as untimely.

Although we recognize that Supreme Court (Meddaugh, J.) found a question of fact as to whether plaintiffs had revoked their license to defendant to use its strip of property, there was no evidence at trial indicating that permission was revoked prior to the filing of the notice of claim. While a claim for damages may lie even where there is permissive use, plaintiffs' failure to have linked their damages to defendant's activities warranted the dismissal of the trespass claim as well.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.