■ TOWN OF OYSTER BAY, Appellant, v LIZZA INDUSTRIES, INC., Respondent. [942 NYS2d 808]—In an action to recover damages for continuing public nuisance, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered February 4, 2011, which granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that, pursuant to a contract with Nassau County, the defendant completed certain sewer construction work in 1984, and that defects in the construction work constitute and contribute to a continuing public nuisance. The action is time-barred for the reasons stated in the companion case of *Village of Lindenhurst v J.D. Posillico, Inc.* (94 AD3d 1101 [2012] [decided herewith]).

The plaintiff's contentions relating to alleged statutory violations are not properly before this Court. Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.

■ TOWN OF OYSTER BAY, Appellant, v MARVEC ALLSTATE, INC., Respondent. [942 NYS2d 805]—In an action to recover damages for continuing public nuisance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered June 23, 2010, as, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that, pursuant to a contract with Nassau County, the defendant completed certain sewer construction work in 1987, and that defects in the construction work constitute and contribute to a continuing public nuisance. The action is time-barred for the reasons stated in the companion case of *Village of Lindenhurst v J.D. Posillico, Inc.* (94 AD3d 1101 [2012] [decided herewith]). Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.