■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, as Subrogee of LEONARD ASSOCIATES, LLC, Respondent, v 341-347 BROADWAY, LLC, et al., Appellants, et al., Defendants. [946 NYS2d 149]—

Orders, Supreme Court, New York County (Paul Wooten, J.), entered June 27, 2011 and June 28, 2011, which, to the extent appealed from, denied defendants-appellants' motions for summary judgment dismissing the complaint based on the statute of limitations, unanimously modified, on the law, to the extent of granting the motions with respect to the claims for damages to the ground floor, cellar and subcellar that occurred prior to April 27, 2006, and otherwise affirmed, without costs.

During 2004 and 2005, appellants were involved in a construction project on property adjoining a building owned by plaintiff's subrogor, Leonard Associates (Leonard). In 2005, Leonard became aware of damage to the ground floor, cellar, and subcellar of its building, resulting from flooding caused by appellants' construction work adjacent to the building's east wall. Defendant Tishman paid for the necessary repairs. In August 2006, Leonard notified plaintiff, its insurer, that in June 2006, it had become aware of property damage, including structural damage to the front and rear facades, the residential upper floors, and the roof of the designated landmark building and filed an insurance claim for such damage. Plaintiff paid Leonard over $400,000, pursuant to its insurance contract for repair of that damage. In April 2009, plaintiff, as subrogee of Leonard, commenced this action seeking to recover that amount from appellants, alleging that the damage was caused by their negligent construction activities.

Appellants moved for summary judgment dismissing the complaint on the ground, inter alia, that the damages alleged in plaintiff's pleadings were apparent and visible more than three years prior to the commencement of the action and was thus barred by the three-year statute of limitations for injury to property (CPLR 214 [4]). These motions were denied.

The motion court correctly found that appellants failed to demonstrate that the physical damage for which plaintiff provided coverage became visible and apparent more than three years before plaintiff commenced the instant action. None of

the documents submitted by appellants establish that damage to areas other than the ground floor, cellar and subcellar was apparent more than three years prior to the commencement of the action (*see* CPLR 214 [4]; *Mark v Eshkar*, 194 AD2d 356, 357 [1993]). The damages alleged in the complaint and bill of particulars consisting of structural damage to the front and rear facade, the residential upper floors (interior and exterior), the roof parapet wall, roof cornices, front keystone arches and front stonework of this landmark building did not became apparent until June 2006, thus making these claims timely. It should be noted that the February 18 and March 6, 2005 letters from Leonard's counsel, upon which appellants rely to demonstrate these problems were known to plaintiff prior to 2006, did not assert that the building had already sustained damage, but only that Leonard was concerned that the adjoining project would cause damage. Further, the July 14, 2005 letter from defendant Tishman to defendant Urban referred exclusively to damage in the health club (basement) area, which Tishman paid to repair. Finally, the engineering report from Lavon, which identified damage outside the health club area, is dated August 30, 2006, less than three years prior to the commencement of the action.

However, appellants demonstrated the absence of a triable issue of fact concerning when damage to the ground floor, cellar and subcellar became apparent. Plaintiff contends that it is not seeking to recover for amounts paid to repair that area, but its bill of particulars appears to include claims for such damage, such as cracking of the exterior wall and slab within the health club area of the basement. Since the complaint was filed on April 27, 2009, and these damages became visible and apparent in March of 2005, these claims are time-barred and the motions for summary judgment should have been granted with respect to these claims. Concur—Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 31704(U).]**