[4 NE3d 944, 981 NYS2d 643]

TOWN OF OYSTER BAY, Appellant, v LIZZA INDUSTRIES, INC., Respondent.

TOWN OF OYSTER BAY, Appellant, v J.D. POSILLICO, INC., et al., Respondents.

TOWN OF OYSTER BAY, Appellant, v HENDRICKSON BROS., INC., Respondent.

VILLAGE OF BABYLON, Appellant, v HENDRICKSON BROS., INC., Respondent.

VILLAGE OF LINDENHURST, Appellant, v HENDRICKSON BROS., INC., Respondent.

VILLAGE OF LINDENHURST, Appellant, v LIZZA INDUSTRIES, INC., Respondent.

Town of Oyster Bay, Appellant, v J.D. Posillico, Inc., Respondent.

Town of Oyster Bay, Appellant, v S. Zara and Sons Contracting Corporation, Respondent.

Town of Oyster Bay, Appellant, v Marvec Allstate, Inc., Respondent.

Village of Lindenhurst, Appellant, v J.D. Posillico, Inc., Respondent.

Argued November 12, 2013; decided December 17, 2013

1026

## APPEARANCES OF COUNSEL

*Carman, Callahan & Ingham, LLP*, Farmingdale (*Michael F. Ingham* of counsel), for appellants in the first through tenth above-entitled actions.

*Devitt Spellman Barrett, LLP*, Smithtown (*John M. Denby* and *William J. Barrett* of counsel), for Lizza Industries, Inc. and another, respondents in the first, third, fourth, fifth and sixth above-entitled actions.

*White Fleischner & Fino, LLP*, New York City (*Jared T. Greisman* and *Renee S. Schwartz* of counsel), for Marvec Allstate, Inc., *Agovino & Asselta, LLP*, Mineola (*Joseph P. Asselta* and *David A. Loglisci* of counsel), for J.D. Posillico, Inc., and *Wade Clark Mulcahy*, New York City (*Robert J. Cosgrove* and *Cheryl D. Fuchs* of counsel), for S. Zara and Sons Contracting Corporation, respondents in the second, seventh, eighth, ninth and tenth above-entitled actions.

*Dennis M. Brown, County Attorney*, Hauppauge (*Christopher A. Jeffreys* of counsel), for County of Suffolk, amicus curiae in the first through tenth above-entitled actions.

*Couch White LLP*, Albany (*Jeremy M. Smith* of counsel), for Associated General Contractors of New York State, LLC and another, amici curiae in the first through tenth above-entitled actions.

*Plunkett Cooney*, Bloomfield Hills, Michigan (*Mary Massaron Ross* and *Karen E. Beach* of counsel), and *Goldberg Segalla*, Albany, for DRI - The Voice of the Defense Bar, amicus curiae in the first through tenth above-entitled actions.

## OPINION OF THE COURT

MEMORANDUM.

The orders of the Appellate Division should be affirmed, with costs.

This litigation arises out of defendants' construction of a sewer system throughout Nassau and Suffolk Counties (the

Counties), including areas under plaintiffs' jurisdiction. In the 1970s, the Counties entered into public works contracts with defendants to perform the sewer construction work. The Counties included "protection clauses" in the contracts, which incorporated statutory language from County Law § 263 requiring defendants to restore plaintiffs' roadways to their "usual condition" after the sewer construction was complete.

Defendants completed their sewer construction work at various points in the 1970s and 1980s. Sometime thereafter, the areas surrounding the sewer lines settled, causing damage to plaintiffs' adjacent roadways, sidewalks, and curbs.

Plaintiffs commenced these 10 related actions in July 2009 alleging a single cause of action in continuing public nuisance. Plaintiffs claimed that defendants "committed faulty workmanship under [the] contracts" by, among other things, "failing to properly excavate and backfill the sewer trenches" and "failing to provide adequate subjacent support to plaintiffs['] roadways, curbs, gutters and other facilities both during and after actual construction operations." This "faulty workmanship," plaintiffs alleged, "created a continuing public nuisance."

Supreme Court dismissed the complaint in each action, and the Appellate Division affirmed in 10 separate decisions. In its lead decision, *Village of Lindenhurst v J.D. Posillico, Inc.* (94 AD3d 1101 [2d Dept 2012]), the court held that, viewing the complaint as asserting the Village's rights as a third-party beneficiary to the sewer construction contract, "the action is barred by the six-year statute of limitations for a cause of action alleging breach of contract" (94 AD3d at 1102). Noting the rule from *City School Dist. of City of Newburgh v Stubbins & Assoc.* (85 NY2d 535 [1995]) (*Newburgh*) that a cause of action arising out of defective construction accrues upon completion of the contractual work, the court stated that this rule applies to actions commenced by a third-party beneficiary to the contract (*see id.*). The court also rejected the Village's argument that "the conduct giving rise to the alleged nuisance is ongoing, thereby giving rise to successive causes of action" (*id.*).

The Appellate Division held that the other nine actions were "time-barred for the reasons stated" in *Village of Lindenhurst* (*see Town of Oyster Bay v Lizza Indus., Inc.*, 94 AD3d 1094, 1094 [2d Dept 2012]; *Town of Oyster Bay v J.D. Posillico, Inc.*, 94 AD3d 1093, 1093 [2d Dept 2012]; *Town of Oyster Bay v Hendrickson Bros., Inc.*, 94 AD3d 1092, 1092 [2d Dept 2012]; *Village of Babylon v Hendrickson Bros., Inc.*, 94 AD3d 1100, 1100

[2d Dept 2012]; *Village of Lindenhurst v Hendrickson Bros., Inc.*, 94 AD3d 1100, 1101 [2d Dept 2012]; *Village of Lindenhurst v Lizza Indus., Inc.*, 94 AD3d 1102, 1102 [2d Dept 2012]; *Town of Oyster Bay v J.D. Posillico, Inc.*, 94 AD3d 1093, 1093 [2d Dept 2012]; *Town of Oyster Bay v S. Zara & Sons Contr. Corp.*, 94 AD3d 1094, 1094 [2d Dept 2012]; *Town of Oyster Bay v Marvec Allstate, Inc.*, 94 AD3d 1094, 1094 [2d Dept 2012]). The Court granted plaintiffs leave to appeal (20 NY3d 854 [2012]) and we now affirm.

A breach of contract action must be commenced within six years from the accrual of the cause of action (*see* CPLR 203 [a]; 213 [2]). "In cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance" (*Newburgh*, 85 NY2d at 538, citing *Sosnow v Paul*, 36 NY2d 780 [1975]). This rule applies "no matter how a claim is characterized in the complaint" because "all liability" for defective construction "has its genesis in the contractual relationship of the parties" (*Newburgh*, 85 NY2d at 538, citing *Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 396 [1977]). Even if the plaintiff is not a party to the underlying construction contract, the claim may accrue upon completion of the construction where the plaintiff is not a "stranger to the contract," and the relationship between the plaintiff and the defendant is the "functional equivalent of privity" (*Newburgh*, 85 NY2d at 538-539 [internal quotation marks omitted]).

Here, the gravamen of the complaints is that defendants, through their alleged faulty construction, breached their duty to plaintiffs under the protection clauses in the public works contracts. In fact, plaintiffs specifically allege that defendants "committed faulty workmanship under said contracts." Although characterized as "continuing public nuisance" causes of action, plaintiffs' "claim[s] aris[e] out of defective construction" and thus "accrue[d] on date of completion" (*Newburgh*, 85 NY2d at 538).

The Appellate Division properly applied *Newburgh* to these actions commenced by third-party beneficiaries to the construction contracts. *Newburgh* extended the completion of performance accrual rule to actions against architects or contractors brought by "intended beneficiar[ies]" of construction contracts (*id.*). Here, the Counties contracted with defendants to install the sewer system for the benefit of municipalities like plaintiffs, a fact which was surely "known to all parties at the time the contracts were negotiated" (*id.*).

Although plaintiffs do not dispute that they are third-party beneficiaries, they seek to distinguish *Newburgh* on several bases, noting that they do not own the sewer lines defendants constructed and the Counties never intended to transfer ownership of the sewer system to plaintiffs once construction was complete. But *Newburgh* is not limited to owners of real property and the Counties' intention to retain ownership of the sewer lines does not diminish plaintiffs' status as intended beneficiaries of the contracts. Plaintiffs further argue that, unlike the plaintiff beneficiary in *Newburgh*, they had no involvement or control over the construction process (*see id.* at 538-539). However, it is undisputed that plaintiffs, at the very least, consented to the sewer construction project initiated by the Counties and allowed defendants to perform excavation and other construction work on their property. In any case, we cannot say that there is such a complete "lack of privity" that plaintiffs' claims should "not fall under the general rule of accrual" articulated in *Newburgh* (*id.* at 538).

■ Accordingly, *Newburgh* controls and plaintiffs' causes of action accrued upon defendants' completion of performance under the public works contracts. According to plaintiffs, defendants completed construction of the sewers, at the latest, by 1987. Assuming plaintiffs' claims accrued in 1987, plaintiffs had until 1993 to timely commence these actions. Because they waited until 2009 (16 years too late), plaintiffs' actions are plainly time-barred.

Even if plaintiffs' continuing nuisance claims could be considered independent causes of action that do not arise from the contracts—thus avoiding dismissal under *Newburgh*—the actions were still properly dismissed as time-barred. An action to recover damages for injury to property must be commenced within three years of the date of the injury (*see* CPLR 214 [4]). It is well-settled, however, that injuries to property caused by a continuing nuisance involve a "continuous wrong" and, therefore, generally give rise to successive causes of action that accrue each time a wrong is committed (*see e.g. Jensen v General Elec. Co.*, 82 NY2d 77, 85 [1993]; *509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48, 52 [1964]; *see also Covington v Walker*, 3 NY3d 287, 292 [2004], *cert denied* 545 US 1131 [2005]).

■ While plaintiffs assert that the continued presence of roadway defects caused by defendants' faulty construction constitutes a continuing public nuisance, the Appellate Division

properly rejected this theory. Although plaintiffs allege that the injuries to their property are ongoing, defendants' tortious conduct consisted of discrete acts (i.e., negligent excavation and backfilling) that ceased upon completion of the sewer construction over 20 years ago (cf. *Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61, 65 [2009] [trespass and nuisance claims "not tied to (a) single negligent act" and thus constituted "successive causes of action"]; *New York Seven-Up Bottling Co. v Dow Chem. Co.*, 96 AD2d 1051, 1052 [2d Dept 1983], *affd* 61 NY2d 828 [1984] [finding no "continuing tort or torts" where "there was one tortious act complained of," and noting that "the accrual date does not change as a result of continuing consequential damages"]). Plaintiffs also have not alleged the existence of an "unlawful encroachment" on their property (*Bloomingdales*, 13 NY3d at 66; *see 509 Sixth Ave. Corp.*, 15 NY2d at 52), or a "continuous interference" with their property easements (*Cranesville Block Co. v Niagara Mohawk Power Corp.*, 175 AD2d 444, 446 [3d Dept 1991]). Accordingly, defendants' alleged wrongs do not give rise to successive causes of action under the continuous wrong doctrine, and plaintiffs' claims, which were interposed more than three years after defendants substantially completed the construction work, are time-barred (*see 509 Sixth Ave. Corp.*, 15 NY2d at 51-52).

SMITH, J. (concurring). These are tort actions—specifically, lawsuits based on damage to plaintiffs' property by allegedly negligent construction—and are barred by the statute of limitations applicable to such cases, for the reasons explained in the last two paragraphs of the majority's memorandum. The rest of the memorandum, which treats these cases as arising out of construction contracts and governed by the rule of *City School Dist. of City of Newburgh v Stubbins & Assoc.* (85 NY2d 535 [1995]), is a misapplication of the *Newburgh* rule.

*Newburgh* was an action by an owner against a builder for the defective construction of a school library. We applied in that case the previously-established rule that "the accrual date for Statute of Limitations purposes is completion of performance" (*id.* at 538). The plaintiff, the school district that owned the library, argued that this rule was inapplicable because the school district had no contract with the builder. The contract had been entered into by the school district's predecessor as owner of the building, the Urban Development Corporation. We rejected the school district's argument, saying:

"Plaintiff . . . was not a stranger to the contract. UDC undertook construction of the library on behalf of plaintiff, and plaintiff was the intended beneficiary of the contract. That fact, and the intended purpose of the building, was known to all parties at the time the contracts were negotiated. Plaintiff reviewed and approved the architectural plans and specifications. It retained control of the budget and change orders during construction. Plaintiff also had a representative at the construction site on a daily basis. Such a relationship—even pleaded by plaintiff in support of its claim of negligent design and construction—was the 'functional equivalent' of privity" (*id.* at 538-539).

The differences between this case and *Newburgh* are glaring. Plaintiffs here never owned the sewers and the Counties were not building them on plaintiffs' behalf. So far as the record shows, plaintiffs had no involvement at all with their construction—much less a representative at the construction site. The majority concludes that plaintiffs here, like the plaintiff in *Newburgh*, are not strangers to the contracts, but that is true only in the most attenuated sense. The contracts between the Counties and the contractors are not in the record, but the only clause that anyone claims has anything to do with plaintiffs is the so-called "protection clause," quoted in an affidavit submitted to Supreme Court. It says:

"The Contractor shall conduct his work so as to interfere as little as possible with private business and public travel, and shall protect from damage all buildings or other public or private structures, lawns, terraces, trees, curbs, gutters, flagging, crosswalks, water pipes, hydrants, electric lights, traffic control devices, telephone poles, water stop cocks, manholes, has [sic] pipes, conduits, and other underground appurtenances on the line of the work, and adjacent thereto, and at his own cost, unless otherwise determined by the Engineer, repair or replace immediately to the satisfaction of the respective owners and the Engineer, any of the aforementioned items which may become damaged or displaced at ant [sic] time during the progress of the work."

This clause generally protects nonparties to the contract, including plaintiffs, from damage to their "buildings or other . . . structures . . . on the line of the work, and adjacent

thereto." It is true that plaintiffs, like most or all of the property owners in the area, were third-party beneficiaries of the contract by virtue of the protection clause, but that is irrelevant, for no one has ever claimed the clause was violated. Plaintiffs are not suing because any of their structures were damaged in the course of the work. Rather, they allege that defendants were negligent in failing to backfill sewer trenches properly and that therefore plaintiffs' roadways, lacking sufficient support, were caused to subside and their curbs, gutters and sidewalks to settle and crack. Plaintiffs could bring these identical cases if the protection clause did not exist. Thus the cases do not arise, as *Newburgh* did, out of a relationship between plaintiffs and defendants akin to contractual privity.

Because the contracts have nothing to do with this case, the governing accrual rule is the usual one in tort cases: the cause of action accrued when injury was inflicted (*Schmidt v Merchants Despatch Transp. Co.*, 270 NY 287, 300 [1936]). That occurred when defendants' alleged negligence caused plaintiffs' roadways to be without sufficient support (*see Macrose Realty Corp. v City of New York*, 49 AD2d 847 [1st Dept 1975]). It does not matter, under *Schmidt*, that plaintiffs did not know of the injury at the time, or that consequential damages resulted from the injury years later. Because, as the majority correctly says, there was no "continuing public nuisance" or other continuing tort in this case, the actions are time-barred.

Thus, the majority's error in applying a construction-contract, rather than a tort, analysis in this case does not alter the result. It may alter the results in future cases, however, and, perhaps ironically, may be a boon to future plaintiffs. The majority seems to hold that, if a tort plaintiff happens to be a potential third-party beneficiary under the protection clause of a construction contract, the tort statute of limitations does not begin to run until construction is complete—a time that will usually be later, and sometimes many years later, than the time when injury is inflicted. Thus the result of today's decision may be to permit the litigation of many stale claims against allegedly negligent contractors.

Judges GRAFFEO, READ, PIGOTT, RIVERA and ABDUS-SALAAM concur; Judge SMITH concurs in result in an opinion in which Chief Judge LIPPMAN concurs.

In each case: Order affirmed, with costs, in a memorandum.