EPK Props., LLC v PFOHL Bros. Landfill Site Steering Comm. (2018 NY Slip Op 02085)





EPK Props., LLC v PFOHL Bros. Landfill Site Steering Comm.


2018 NY Slip Op 02085


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


357 CA 17-01457

[*1]EPK PROPERTIES, LLC, PLAINTIFF-APPELLANT,
v
PFOHL BROTHERS LANDFILL SITE STEERING COMMITTEE, NIAGARA MOHAWK POWER CORPORATION AND TOWN OF CHEEKTOWAGA, DEFENDANTS-RESPONDENTS. 






THE KNOER GROUP, PLLC, BUFFALO (CHANEL T. MCCARTHY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
PHILLIPS LYTLE LLP, BUFFALO (KEVIN M. HOGAN OF COUNSEL), FOR DEFENDANT-RESPONDENT PFOHL BROTHERS LANDFILL SITE STEERING COMMITTEE.
BARCLAY DAMON LLP, ALBANY (YVONNE E. HENNESSEY OF COUNSEL), FOR DEFENDANT-RESPONDENT NIAGARA MOHAWK POWER CORPORATION. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JOHN T. KOLAGA OF COUNSEL), FOR DEFENDANT-RESPONDENT TOWN OF CHEEKTOWAGA. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered November 9, 2016. The order granted the respective motions of defendants to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages and injunctive relief based on its allegations that defendants were responsible for damage to its property as a result of the artificial diversion of water onto its property. Plaintiff asserted causes of action for negligence, nuisance and trespass. Defendants each moved for dismissal of the complaint against them, contending, inter alia, that plaintiff's causes of action were time-barred. Supreme Court granted the respective motions, and we now affirm.
Defendant Niagara Mohawk Power Corporation (NiMo) owns a strip of land that runs along the eastern border of plaintiff's property. To the east of the NiMo parcel is the Pfohl Brothers Landfill (Landfill), which had been remediated in 2001 and 2002 pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (42 USC 9601 et seq.). Defendant Pfohl Brothers Landfill Site Steering Committee oversaw the design and construction of the remedial action, which included a surface water management program to "channel[] [water] away from adjacent residences and streets." According to the remedial plan, the surface water was to be directed toward an existing wetland and, ultimately, to a nearby creek. Defendant Town of Cheektowaga was required to implement an operation and maintenance plan in accordance with New York State Department of Environmental Conservation requirements.
In 2006, plaintiff purchased its property and, in 2007 and 2010, requested determinations from the United States Army Corps of Engineers (USACE) concerning whether a proposed development on its property would disturb federal wetlands. By letter dated June 15, 2010, the USACE informed plaintiff that the conditions on the property had "changed substantially," requiring a new delineation of federal wetland boundaries. Plaintiff commenced this action on [*2]July 24, 2014, alleging that this would eliminate any beneficial use of the property.
As an initial matter, we note that plaintiff does not challenge the court's dismissal of the negligence cause of action and is deemed to have abandoned any issue with respect to that dismissal (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). On the merits, we conclude that the court properly determined that the causes of action for nuisance and trespass are time-barred.
"An action to recover damages for injury to property must be commenced within three years of the date of the injury" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1031 [2013], rearg denied 23 NY3d 934 [2014]; see CPLR 214 [4]), and "[t]he cause of action accrues when the damage [is] apparent' " (Russell v Dunbar, 40 AD3d 952, 953 [2d Dept 2007]; see Wild v Hayes, 68 AD3d 1412, 1414-1415 [3d Dept 2009]; Cranesville Block Co. v Niagara Mohawk Power Corp., 175 AD2d 444, 446 [3d Dept 1991]). Defendants established that the nuisance and trespass causes of action accrued, at the latest, in June 2010, which is when plaintiff received the information from the USACE and the damage to its property was apparent (see Russell, 40 AD3d at 953; Alamio v Town of Rockland, 302 AD2d 842, 844 [3d Dept 2003]).
Plaintiff contends that, because the water flows continually onto its property, the torts are continuous in nature and, as a result, plaintiff's causes of action for nuisance and trespass are not time-barred. We reject that contention. Courts will apply the continuing wrong doctrine in cases of " nuisance or continuing trespass where the harm sustained by the complaining party is not exclusively traced to the day when the original objectionable act was committed' " (Capruso v Village of Kings Point, 23 NY3d 631, 639 [2014] [emphasis added]; see Lizza Indus., Inc., 22 NY3d at 1031-1032). Here, plaintiff's allegations establish that its damages may be traced to a specific, objectionable act, i.e., the implementation of the remedial plan. Where, as here, there is an original, objectionable act, "the accrual date does not change as a result of continuing consequential damages" (New York Seven-Up Bottling Co. v Dow Chem. Co., 96 AD2d 1051, 1052 [2d Dept 1983], affd 61 NY2d 828 [1984]; cf. Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 65-66 [2009]). Inasmuch as the damage to the property became apparent at the latest in June 2010 and the damage is traceable to an original objectionable act, plaintiff's nuisance and trespasses causes of action are time-barred and were properly dismissed. As a result of the dismissal of plaintiff's substantive causes of action, plaintiff's demand for injunctive relief was also properly dismissed (see Town of Macedon v Village of Macedon, 129 AD3d 1639, 1641 [4th Dept 2015]).
Based on our determination, we do not address plaintiff's remaining contentions or the alternative theories for affirmance raised by defendants.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court