Naccarato v Sinnott (2019 NY Slip Op 07672)





Naccarato v Sinnott


2019 NY Slip Op 07672


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

528269

[*1]John R. Naccarato et al., Appellants,
v
Robert Sinnott et al., Respondents.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Douglas J. Rose, Pittsfield, Massachusetts, for appellants.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Bridget M. Schultz of counsel), for respondents.



Lynch, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered June 29, 2018 in Ulster County, which partially granted defendants' motion for partial summary judgment dismissing certain causes of action.
Plaintiffs and defendants are adjoining landowners in the Town of Saugerties, Ulster County. Defendants purchased their property, located uphill from plaintiffs' property, in 1997. Plaintiffs purchased their neighboring downhill property in 1999 and built their home there in 2001. In 2007, defendants constructed a drain system (hereinafter the French drain) to address recurrent surface water issues on their property. In the spring of 2008, plaintiffs observed a general increase in surface water and, in 2009, a land collapse on a specific portion of their property. Plaintiffs' subsequent remedial efforts were not successful and ponding surface water and land collapses continued to affect their property. In September 2013, plaintiffs commenced this action, pleading causes of action for, among other things, trespass, nuisance and negligence based on defendants' alleged diversion of water onto their property. Defendants moved for partial summary judgment dismissing these causes of action as time-barred. Supreme Court agreed and granted the motion, and plaintiffs appeal.
"An action to recover damages for injury to property must be commenced within three years of the date of the injury" (EPK Props., LLC v Pfohl Bros. Landfill Site Steering Comm., 159 AD3d 1567, 1568 [2018] [internal quotation marks and citation omitted]). The cause of action accrues when the damages are apparent, not when the damages are discovered (see Cranesville Block Co. v Niagara Mohawk Power Corp., 175 AD2d 444, 446 [1991]). A later accrual date may be applied where "injuries to property [are] caused by a continuing nuisance involv[ing] a continuous wrong" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1031 [2013] [internal quotation marks omitted]) and provided that "the harm sustained by the complaining party is not exclusively traced to the day when the original objectionable act was committed" (Capruso v Village of Kings Point, 23 NY3d 631, 639 [2014]).
We agree with Supreme Court's assessment that defendants' submissions established that the causes of action sounding in negligence, nuisance and trespass accrued in the spring of 2009 when plaintiffs' property collapsed after they had been observing increased surface water on the property for a period of at least one year. Although plaintiffs urge us to find a continuing wrong — and, thus, successive causes of action — based on the continued flow of water from defendants' property, we are not convinced. Plaintiffs' claims stem from the allegedly negligent construction of the French drain in 2007. During her deposition, plaintiff Patricia Naccarato acknowledged that plaintiffs first suspected that the French drain was the cause of the water problem six months after it was installed. This "discrete act" was the alleged source of the damage to plaintiffs' property (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d at 1032). Any subsequent consequential damages stemming from this act did not give rise to successive causes of action (see id.; EPK Props., LLC v Pfohl Bros. Landfill Site Steering Comm., 159 AD3d at 1569). As the damage from this act was apparent more than three years prior to the commencement of this action, Supreme Court properly dismissed the causes of action for nuisance, trespass and negligence as untimely (see Alamio v Town of Rockland, 302 AD2d 842, 844 [2003]).
Garry, P.J., Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, with costs.