Town of Oyster Bay v Peter Scalamandre & Sons, Inc. (2020 NY Slip Op 05968)





Town of Oyster Bay v Peter Scalamandre & Sons, Inc.


2020 NY Slip Op 05968


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2019-03715
 (Index No. 605642/17)

[*1]Town of Oyster Bay, respondent,
v
Peter Scalamandre & Sons, Inc., appellant, et al., defendant (and a third-party action).


Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Manny A. Frade and Joshua D. Sussman of counsel), for appellant.
Kushnick Pallaci PLLC, Bohemia, NY (Vincent T. Pallaci of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Peter Scalamandre & Sons, Inc., appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered February 15, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff entered into a contract with Peter Scalamandre & Sons, Inc. (hereinafter Scalamandre), a contractor, regarding the construction of a parking garage. The plaintiff subsequently commenced this action against Scalamandre and another defendant, asserting a cause of action against Scalamandre to recover damages for breach of contract as a result of Scalamandre's allegedly substandard work. Scalamandre moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it is barred by the statute of limitations. The Supreme Court denied the motion, and Scalamandre appeals.
"A breach of contract action must be commenced within six years from the accrual of the cause of action" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1030; see CPLR 203[a]; 213[2]). "In cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d at 1030 [internal quotation marks omitted]).
Here, the affidavit of Scalamandre's corporate secretary, who did not state that he had personal knowledge of the facts, failed either to establish the date upon which Scalamandre actually completed its construction work or to lay a proper foundation for the admissibility of the annexed meeting minutes pursuant to CPLR 4518 (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 868-869; see also TDS Leasing, LLC v Tradito, 148 AD3d 1079, 1081; Vaccariello v Meineke Car Care Ctr., Inc., 136 AD3d 890, 892-893; Werner v City of New York, 135 AD3d 740, 741; [*2]JPMorgan Chase Bank, N.A. v Clancy, 117 AD3d 472). In any event, those minutes do not establish as a matter of law that Scalamandre completed its performance more than six years prior to the commencement of this action (see Banks v DeMillo, 145 AD2d 903, 904).
Accordingly, we agree with the Supreme Court's determination denying Scalamandre's motion for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court