Ellington Owners Corp. v 200 Bradhurst Devs. LLC (2021 NY Slip Op 00253)





Ellington Owners Corp. v 200 Bradhurst Devs. LLC


2021 NY Slip Op 00253


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Shulman, JJ. 


Index No. 155143/18 Appeal No. 12893 Case No. 2020-02067 

[*1]Ellington Owners Corp. et al Plaintiffs-Respondents-Appellants,
v
200 Bradhurst Developers LLC et al., Defendants. West Manor Construction Corp., et al., Defendants-Appellants-Respondents.


McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Brian L. Battisti of counsel), for appellant-respondent.
Rosenberg & Estis, P.C., New York (Alexander Lycoyannis of counsel), for respondents-appellants.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 25, 2019, which, insofar as appealed from as limited by the briefs, granted
defendants West Manor Construction Corp. and Bluestone Organization, Inc.'s motion to dismiss the complaint as against Bluestone and denied the motion to dismiss the causes of action for negligence and property damage as against West Manor, unanimously affirmed, with costs.
Plaintiffs, the residential unit owner and the board of the "cond-op," were not parties to the construction contract between defendants West Manor and Bluestone, the contractor defendants, and the sponsor defendants. Further, West Manor and Bluestone have not shown, at this stage of the proceeding, that their relationship with plaintiffs was the "functional equivalent of privity" (cf. Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1030 [2013]; City School Dist. of City of Newburgh v Stubbins & Assoc.,85 NY2d 535 [1995]) which would cause plaintiffs' claims against these defendants to accrue upon completion of the construction. Thus, plaintiffs' claims as pleaded are not time-barred because they are subject to a three-year statute of limitations, which "begins to run when the structure collapses, or when the damage from the negligent construction otherwise becomes apparent" (Mark v Eshkar, 194 AD2d 356, 357 [1st Dept 1993]; see Gordon v Condominium, 102 AD3d 521, 521-522 [1st Dept 2013], affg 35 Misc 3d 1214[A] [Sup Ct, NY County 2012], citing IFD Constr. Corp. v Corddry Carpenter Dietz & Zack, 253 AD2d 89, 92 [1st Dept 1999]; see also Public Serv. Mut. Ins. Co. v 341-347 Broadway, LLC, 96 AD3d 473, 474 [1st Dept 2012]).
The complaint was correctly dismissed as against Bluestone, because, although it alleged that Bluestone was West Manor's alter ego, it failed to allege that Bluestone had abused the corporate form to injure plaintiffs (see Chase Manhattan Bank [N.A.] v 264 Water St. Assoc., 174 AD2d 504, 505 [1st Dept 1991]).
We have considered defendants' remaining contentions, including whether the negligence and property damage claims are duplicative of the breach of contract claim, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021