Omega Diagnostic Imaging PC v Attica Constr. Corp. (2021 NY Slip Op 00391)





Omega Diagnostic Imaging PC v Attica Constr. Corp.


2021 NY Slip Op 00391


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 154562/19 Appeal No. 12955-12955A Case No. 2020-02371 

[*1]Omega Diagnostic Imaging PC, et al., Plaintiffs-Appellants,
v
Attica Construction Corp., et al., Defendants-Respondents, Westchester LLA, LLC as Successor in Interest to Attica Construction Corp., Defendant.


Aboulafia Law Firm, LLC, White Plains (Jack Glanzberg of counsel), for appellants.
Traub Liberman Straus & Shrewsberry LLP, Hawthorne (Cheryl P. Vollweiler of counsel), for ATTICA Construction Corp., respondent.
Littleton Park Joyce Ughetta & Kelly LLP, Purchase (Robert L. Joyce of counsel), for Siemens Medical Solutions USA, Inc., respondent.



Appeal from order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about January 8, 2020, which granted defendants Attica Construction Corp. and Siemens Medical Solutions USA, Inc.'s separate motions for summary judgment and to dismiss the amended complaint as untimely, deemed an appeal from the judgment, same court and Justice, entered January 23, 2020 (CPLR 5520[c]), dismissing the complaint, and, as so considered, said judgment unanimously affirmed, with costs.
The motion court properly dismissed the complaint as untimely. "A cause of action arising out of defective construction accrues upon completion of the contractual work" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1029 [2013]). This is so "no matter how a claim is characterized in the complaint because all liability for defective construction has its genesis in the contractual relationship of the parties" (id. at 1030 [internal quotation marks omitted]). This rule has been extended to nonparties to the contract in the "functional equivalent of privity" with the defendant (City School Dist. of City of Newburgh v Stubbins & Assoc., Inc., 85 NY2d 535, 539 [1995] [internal quotation marks omitted]), "even if the claimed defect is latent" (Rite Aid of N.Y., Inc. v R.A. Real Estate, Inc., 40 AD3d 474, 474 [1st Dept 2007]).
Here, although plaintiff Omega Diagnostic Imaging PC and its landlord plaintiff H.P.M.L. Realty Corporation (HPML) contend that they are entirely separate entities and therefore the motion court erred in finding that HPML was in the functional equivalent of privity with defendants, plaintiffs' principal submitted an affidavit averring that he was the principal of both entities, was aware of the work, and signed a document entitled "Consent & Waiver by Owner, Landlord or Mortgagee of Real Estate" in his capacity as principal of HPML. Accordingly, there is no basis to depart from the rule that "where the plaintiff is not a stranger to the contract," and "plaintiffs, at the very least, consented to" the work, the statute of limitations begins to run at the completion of the work (Town of Oyster Bay, 22 NY3d at 1030-1031 [internal quotation marks omitted]). Here, because the work was completed by defendants in September 2012, and the action was not commenced until May 2019, the motion court properly determined that the action was untimely.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021