Lanzalaco v United Subcontractors, Inc. (2022 NY Slip Op 00172)





Lanzalaco v United Subcontractors, Inc.


2022 NY Slip Op 00172


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-13499
 (Index No. 10403/18)

[*1]Scott Lanzalaco, et al., appellants,
v
United Subcontractors, Inc., etc., et al., respondents.


Bowitch & Coffey, LLC, Albany, NY (Daniel W. Coffey of counsel), for appellants.
Ansa Assuncao, LLP, White Plains, NY (James S. Coons and David A. Gonzalez of counsel), for respondent United Subcontractors, Inc.
Goldberg Segalla, LLP, White Plains, NY (William T. O'Connell of counsel), for respondent Deljo Enterprises, Inc.



DECISION & ORDER
In an action to recover for damage to property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated November 20, 2019. The order granted the defendants' separate motions for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable to the defendants.
In October 2018, the plaintiffs commenced this action to recover for fire damage to their home that allegedly was caused by an improperly installed fireplace. They alleged in the amended complaint that the home was built in 2002-2003 by the defendant Deljo Enterprises, Inc. (hereinafter Deljo), and that the fireplace was installed between October 7, 2002, and March 24, 2003, by the defendant United Subcontractors, Inc. (hereinafter United). The defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted the motions, and the plaintiffs appeal.
"'In cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance'" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1030, quoting City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538). "This rule applies 'no matter how a claim is characterized in the complaint' because 'all liability' for defective construction 'has its genesis in the contractual relationship of the parties'" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d at 1030, quoting City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d at 538). "Even if the plaintiff is not a party to the underlying construction contract, the claim may accrue upon completion of the construction where the plaintiff is not a 'stranger to the contract,' and the relationship between the plaintiff and the defendant is the 'functional equivalent of privity'" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d at 1030, quoting City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d at 538-539).
Here, each defendant demonstrated its prima facie entitlement to judgment as a matter [*2]of law dismissing the amended complaint insofar as asserted against it. The plaintiff Scott Lanzalaco testified at his deposition that the plaintiffs entered into a contract for the construction of the home with Deljo's principal, John Amante. Though the plaintiffs did not contract with United, Amante testified at his deposition that the plaintiffs had input into the home's features, and requested that three fireplaces be installed. "Accordingly, there is no basis to depart from the rule that 'where the plaintiff is not a stranger to the contract,' and 'plaintiffs, at the very least, consented to' the work, the statute of limitations begins to run at the completion of the work" (Omega Diagnostic Imaging PC v Attica Constr. Corp., 190 AD3d 617, 618, quoting Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d at 1030-1031). Because the defendants demonstrated, prima facie, that they completed their work on the home no later than 2003, and this action was not commenced until October 2018, the action was untimely.
In opposition to the motions, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the amended complaint insofar as asserted against each of them.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court