■ TOWN OF BABYLON, Respondent, v LIZZA INDUSTRIES, INC., Defendant and Third-Party Plaintiff-Appellant. SUFFOLK COUNTY, Third-Party Defendant-Respondent. [593 NYS2d 1001]—In an action to recover damages for breach of contract, negligence, trespass, and a violation of General Business Law article 36, the defendant third-party plaintiff, Lizza Industries, Inc., appeals (1) from an order of the Supreme Court, Suffolk County (Hand, J.), dated September 20, 1990, which granted the third-party defendant's motion to dismiss the third-party complaint, and denied its cross motion to dismiss the plaintiff's tort causes of action and to dismiss the third-party defendant's counterclaim for fees and costs incurred in the instant law suit, and (2) as limited by its brief, from so much of an order of the same court (Doyle, J.), dated January 18, 1991, as, upon reargument and renewal, adhered to the original determination and further granted the plaintiff's cross motion for partial summary judgment declaring that it is the third-party beneficiary of the contracts for construction of the Southwest Sewer District entered into between the defendant and the third-party defendant.

Ordered that the appeal from the order dated September 20, 1990, is dismissed, as that order was superseded by the order dated January 18, 1991, made upon reargument and renewal, and it is further,

Ordered that the order dated January 18, 1991, is affirmed insofar as appealed from, and it is further,

Ordered that the plaintiff and the third-party defendant are awarded one bill of costs.

In the mid to late 1970's, the third-party defendant Suffolk

County contracted with, among others, the defendant third-party plaintiff, Lizza Industries, Inc. (hereinafter Lizza), to install a vast sewer system throughout Suffolk County, including the area under the control of the plaintiff Town of Babylon (hereinafter the Town). Sometime after the sewer system was installed, the area surrounding the sewer lines settled, causing damage to the adjacent roadways, sidewalks, curbs, subterranean water mains, and pipes. This suit represents one of many commenced by various plaintiffs against Lizza and other contractors. The gravamen of the Town's complaint is that Lizza failed to properly backfill the areas where it excavated. Consequently, the Town's water mains and pipes were damaged because the backfill provided insufficient subterranean support. The Town, asserting that it is a third-party beneficiary of the contracts between Lizza and Suffolk County, asserted causes of action sounding, *inter alia,* in breach of contract, trespass, and negligence. Thereafter, Lizza served a third-party complaint on Suffolk County seeking indemnity and contribution on all claims made by the Town. Suffolk County moved to dismiss the third-party complaint and the Town cross-moved for partial summary judgment adjudging it a third-party beneficiary under the Suffolk County contracts. Lizza then cross-moved to dismiss all of the Town's causes of action sounding in tort and to dismiss Suffolk County's counterclaim. The Supreme Court granted Suffolk County's motion to dismiss the third-party complaint, and denied Lizza's cross motion to dismiss the Town's tort causes of action and to dismiss Suffolk County's counterclaim for fees and costs incurred in the instant lawsuit. Further, the court granted the Town partial summary judgment, holding that it was a third-party beneficiary under the contracts in question.

For the reasons stated in *Suffolk County Water Auth. v J.D. Posillico, Inc.* (191 AD2d 422 [decided herewith]) which involved virtually identical issues, we affirm. Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.