OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 When a defectively assembled pipe fitting bursts, damaging a library’s book collection, can the library sue those responsible for design and construction of the building some 15 years earlier? Because the rule is settled that an owner’s cause of action accrues against a builder upon completion of construction, and we perceive no basis to apply a different rule where a cause of action rests on damage to personal rather than real property, we conclude that plaintiff’s cause of action was time-barred.
 

 In 1972 or 1973, the Urban Development Corporation agreed to assist the Newburgh School District in the design, financing and construction of a library. The City of Newburgh Urban Renewal Agency transferred title to a parcel of property to the UDC, which entered into contracts to construct the building with defendants Solart Builders, Inc. as general contractor, Hugh Stubbins & Associates, Inc. as architect, and Van Zelm, Heywood & Shadford as mechanical and electrical engineers. Upon completion of construction in late 1975, UDC sold the building to plaintiff.
 

 Within the structure of the building was a copper pipe fitted with a steel plug, which began a gradual chemical corrosion of
 
 *538
 
 the integrity of the pipe. Fifteen years later, on October 13, 1990, a water pipe in the library burst, causing plaintiff to suffer $1,500,000 damage to personal property — including books, bookshelves, and office supplies and furnishings — and $500,000 damage to its real property. When plaintiff brought suit against defendants alleging five causes of action rooted in negligence, Supreme Court dismissed the complaint, upon motion of the defendants, as barred by the Statute of Limitations since a cause of action for defective construction and design generally accrues upon completion of construction. The Appellate Division affirmed, as do we.
 

 In cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance
 
 (Sosnow v Paul,
 
 36 NY2d 780;
 
 see also, State of New York v Lundin,
 
 60 NY2d 987;
 
 Cabrini Med. Ctr. v Desina,
 
 64 NY2d 1059). We made clear in
 
 Sears, Roebuck & Co. v Enco Assocs.
 
 (43 NY2d 389) that no matter how a claim is characterized in the complaint — negligence, malpractice, breach of contract — an owner’s claim arising out of defective construction accrues on date of completion, since all liability has its genesis in the contractual relationship of the parties.
 

 Plaintiff recognizes that any claim for damage to the building itself would normally be barred under this rule
 
 (Sears, Roebuck,
 
 43 NY2d, at 396), but contends that its claim does not fall under the general rule of accrual because it was a third party to the construction contract, and because it demanded compensation for personal, not real, property. Neither contention has merit.
 

 Here it was UDC — not plaintiff — that entered into a contract with defendants to build the library. Because of this lack of privity, plaintiff argues,
 
 Sears, Roebuck
 
 does not control. Since there is no contract between the parties, the liability did not arise out of a contractual relationship, and therefore plaintiff — as a stranger to the contract — would be able to bring suit in negligence alone
 
 (see, Cubito v Kreisberg,
 
 69 AD2d 738,
 
 affd
 
 51 NY2d 900).
 

 Plaintiff, however, was not a stranger to the contract. UDC undertook construction of the library on behalf of plaintiff, and plaintiff was the intended beneficiary of the contract. That fact, and the intended purpose of the building, was known to all parties at the time the contracts were negotiated. Plaintiff reviewed and approved the architectural plans and specifications. It retained control of the budget and change
 
 *539
 
 orders during construction. Plaintiff also had a representative at the construction site on a daily basis. Such a relationship— even pleaded by plaintiff in support of its claim of negligent design and construction — was the "functional equivalent” of privity
 
 (see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,
 
 73 NY2d 417, 419).
 

 Plaintiff next contends, in support of its negligence claims, that where recovery is sought for damages to personal, as opposed to real, property, the claim accrues at the time of damage, not the time of completion. Because, however, both claims arise from breach of contractual obligation, no rational distinction supports extension of a cause of action to an owner for harm to personal property when, under the same circumstances, we deny a claim for damage to real property
 
 (Matter of Paver & Wildfoerster [Catholic High School Assn.],
 
 38 NY2d 669, 675). In both instances, liability arises out of the contractual relationship, where damage to real or personal property flowing from faulty design or construction can be anticipated, and steps taken to protect against the consequences of such damage. In a different category, of course, is injury to the person — a circumstance not present here.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.