■ SUFFOLK COUNTY WATER AUTHORITY, Appellant-Respondent, v J.D. POSILLICO, INC., Respondent-Appellant. [700 NYS2d 45] —In an action, *inter alia*, to recover damages for negligence and breach of contract, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 15, 1997, which, among other things, granted, in part, the defendant's cross motion to dismiss the complaint as time-barred, and denied that branch of its motion which was to dismiss the defendant's affirmative defense based on the Statute of Limitations, and the defendant cross-appeals, as limited by its brief, from stated portions of the same order, which, *inter alia*, purportedly granted partial summary judgment to the plaintiff on the issue of liability in connection with so much of the cause of action to recover damages based on breach of contract which was not dismissed as time-barred.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff seeks to recover for property damage to certain water mains, allegedly caused by work performed by the defendant pursuant to contracts with Suffolk County. The Supreme Court dismissed the plaintiff's causes of action to recover damages based on negligence, trespass, and pursuant to the General Business Law, as time-barred. The Supreme Court also dismissed the plaintiff's contract cause of action to the extent that it concerned certain contracts which were substantially

completed more than six years before its interposition. The plaintiff appeals from these portions of the order, as well as from that portion of the order which denied its motion to strike the defendant's affirmative defense based on the Statute of Limitations. The defendant cross-appeals, *inter alia*, from so much of the order as purportedly granted the plaintiff partial summary judgment. We affirm.

We agree with the Supreme Court that the plaintiff's cause of action to recover damages based on breach of contract is governed by the six-year Statute of Limitations and accrued at that point in time when the various contracts in question were substantially completed (*see, State of New York v Lundin,* 60 NY2d 987; *Sosnow v Paul,* 36 NY2d 780; *City School Dist. v Stubbins & Assocs.,* 85 NY2d 535, 537). To the extent that this cause of action is based on contracts which were substantially completed more than six years before its interposition, the Supreme Court properly dismissed it. We also agree with the Supreme Court that the remaining causes of action, governed by the three-year Statute of Limitations, are completely time-barred in that they were interposed more than three years after substantial completion of the work, irrespective of when the damage was actually discovered (*see, 509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48; *Harbour Pointe Vil. Homeowners Assn. v Marrano/Marc Equity Joint Venture,* 185 AD2d 648). The Supreme Court correctly rejected the plaintiff's proposed application of the doctrine of *nullum tempus.*

With respect to the merits of the plaintiff's contract cause of action, we note that the parties have misapprehended the nature of the order issued by the Supreme Court. This order clearly states that there are issues of fact as to causation which preclude the granting of partial summary judgment as to liability. There are distinct issues of fact as to whether the water main damage could have occurred because of the age of the water mains, improper installation, or any number of other causes apart from the alleged breaches of contract allegedly committed by the defendant contractor. The existence of these issues of fact precludes the granting of partial summary judgment as to liability, and precludes the concomitant ordering of an immediate trial on the issue of damages (*see, e.g., 19 W. 45th St. Realty Co. v Doram Elec. Corp.,* 233 AD2d 184). We therefore agree with the Supreme Court that partial summary judgment in favor of the plaintiff on the issue of liability is not warranted, and we see no merit to the parties' arguments to the extent they are based on the misapprehension that partial summary judgment on the issue of liability was granted as to

the damage which allegedly occurred during the progress of the work, and the ensuing maintenance period during which the contractor remained liable for any damages.

The parties' remaining contentions are without merit.

Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.

