■ SUFFOLK COUNTY WATER AUTHORITY, Appellant-Respondent, v LIZZA INDUSTRIES, INC., Respondent-Appellant. [722 NYS2d 185] —In an action, *inter alia,* to recover damages for negligence and breach of contract, the defendant appeals from

stated portions of an order of the Supreme Court, Suffolk County (Doyle, J.), entered December 8, 1998, which, *inter alia*, purportedly granted partial summary judgment to the plaintiff on the issue of liability in connection with so much of the cause of action to recover damages based upon breach of contract which was not dismissed as time-barred, and the plaintiff cross-appeals, as limited by its brief, from stated portions of the same order which, *inter alia*, granted, in part, the defendant's cross motion to dismiss the complaint as time-barred, and denied that branch of its motion which was to dismiss the defendant's affirmative defense based upon the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In prior proceedings, the plaintiff had a full and fair opportunity to litigate the issues of the applicable Statutes of Limitations, the appropriate accrual periods for its causes of action, and the applicability of the doctrine of *nullum tempus* (see, *Suffolk County Water Auth. v Zara & Sons Contr. Co.*, 267 AD2d 303; *Suffolk County Water Auth. v J.D. Posillico, Inc.*, 267 AD2d 301; *Suffolk County Water Auth. v H.T. Schneider, Inc.*, 267 AD2d 300; *Suffolk County Water Auth. v Davis Constr. Corp.*, 267 AD2d 300). Accordingly, its current arguments are precluded by the doctrine of collateral estoppel (*see, Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65).

With respect to the merits of the plaintiff's contract cause of action, we note that the parties have misapprehended the nature of the order issued by the Supreme Court. This order clearly stated that there exist issues of fact regarding causation which preclude the granting of partial summary judgment as to liability. Accordingly, the Supreme Court properly determined that partial summary judgment to the plaintiff on the issue of liability is not warranted. We find no merit to the parties' arguments to the extent that they are based upon the misapprehension that partial summary judgment on the issue of liability was granted as to the damage which allegedly occurred during the progress of the work, and the ensuing maintenance period during which the contractor remained liable for any damages (*see, Suffolk County Water Auth. v J.D. Posillico, Inc., supra*).

The defendant's remaining contentions are without merit. O'Brien, J. P., Ritter, Altman and Schmidt, JJ., concur.