■ SUFFOLK COUNTY WATER AUTHORITY, Appellant, v H.T. SCHNEIDER, INC., Respondent. [733 NYS2d 441] —In an action to recover damages based on, *inter alia*, negligence and breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 27, 2000, which granted the defendant's motion for summary judgment dismissing the remaining causes of action concerning contract number 3005-6.

Ordered that the order is affirmed, with costs.

By order dated September 15, 1997, the Supreme Court granted the defendant's prior motion to the extent of dismissing all of the plaintiff's non-contract causes of action, and dismissing the cause of action to recover damages for breach of contract to the extent that it was premised on certain contracts which had been substantially completed more than six years before the commencement of the action. This order was affirmed on appeal by decision and order of this Court dated December 13, 1999 (*see, Suffolk County Water Auth. v H.T. Schneider, Inc.,* 267 AD2d 300; *see also, Suffolk County Water Auth. v J.D. Posillico, Inc.,* 267 AD2d 301; *Suffolk County Water Auth. v Davis Constr. Corp.,* 267 AD2d 300; *Suffolk County Water Auth. v Zara & Sons Contr. Co.,* 267 AD2d 303).

Therefore, the only portion of the plaintiff's complaint that remained was so much of the contract cause of action as was based on an alleged breach of contract number 3005-6.

In January 2000, the defendant moved for summary judgment dismissing so much of the complaint as was based on the alleged breach of contract number 3005-6. The motion was supported by new proof, the accuracy of which the plaintiff concedes on appeal, establishing that this contract, as well as the others to which the defendant was a party, was substantially completed more than six years before the interposition of the plaintiff's cause of action to recover damages for breach of contract. The Supreme Court therefore granted the motion in light of the binding authority cited above (*see also, Suffolk County Water Auth. v Lizza Indus.,* 281 AD2d 620).

On appeal, the plaintiff appears to concede, at one point in its brief, that its contract cause of action against the defendant is, in its entirety, time-barred. This would, in effect, constitute a concession that the Supreme Court properly dismissed so much of the complaint as was based on an alleged breach of contract number 3005-6, and render the appeal academic. However, we note that the plaintiff elsewhere argues, for example, that the doctrine of *nullum tempus* precludes the application to this case of any Statute of Limitations at all. We thus conclude that the plaintiff's apparent concession was improvidently made, and disregard it. However, with regard to the merits of this issue, the Supreme Court correctly followed the precedents established by this Court in the cases cited above, and that, particularly in light of our prior decision in *Suffolk County Water Auth. v H.T. Schneider, Inc. (supra),* and in the absence of any showing that there has been an intervening change in the applicable law, this Court is bound by the doctrine of law of the case to affirm (*see, People v Evans,* 94 NY2d 499; *Martin v City of Cohoes,* 37 NY2d 162; *Shroid Constr. v Dattoma,* 250 AD2d 590).

The plaintiff's brief, and the brief submitted by the *amici curiae* as well, to the extent that they contain arguments to the effect that the plaintiff's non-contract causes of action were timely and should not have been dismissed, are entirely inapposite. The order under review did not address the timeliness of those causes of action, and could not properly have done so since those causes of action were dismissed several years earlier, by order dated September 15, 1997, which was affirmed by this Court on December 13, 1999 (*see, Suffolk County Water Auth. v H.T. Schneider, Inc., supra*). Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.