■ LIONHART GLOBAL APPRECIATION FUND, LTD., Respondent, v ESSENTIAL RESOURCES, INC., Defendant, and PHILIP COOK, Appellant. [756 NYS2d 174] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered October 15, 2001, in favor of plaintiff and against defendant-appellant in the amount of $673,261.08, unanimously affirmed, with costs.

Plaintiff has standing to sue under the letter agreement that appellant entered into with the parties' escrow agent since, by definition, the escrow agent was merely the parties' fiduciary (*see Bardach v Chain Bakers*, 265 App Div 24, 27 [1942]), and the letter agreement was clearly intended for plaintiff's benefit. Moreover, since the letter agreement stated, and appellant otherwise knew, that the escrow agent was also acting as plaintiff's attorney in the transaction, plaintiff was hardly a stranger to the letter agreement, and indeed the parties' relationship was the functional equivalent of privity (*see City School Dist. v Hugh Stubbins & Assoc.*, 85 NY2d 535, 538-539 [1995]). Nor are there any issues of fact concerning appellant's breach of the letter agreement. Plaintiff was entitled to the freely transferrable shares of stock that appellant pledged as security for the corporate defendant's debt to plaintiff, and it makes no difference whether it was appellant, or appellant's attorney acting at appellant's direction, who placed the stop transfer order on those shares. The court properly awarded damages rather than specific performance (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415 [2001]), and reasonably valued the shares of stock on the basis of their average trading value during the week that plaintiff attempted to have them transferred. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Marlow, JJ.