■ TOWN OF BABYLON, Respondent, v H.T. SCHNEIDER ASSOCI-ATES et al., Appellants. [905 NYS2d 511]—In an action to recover damages for breach of contract, negligence, and continuing nuisance, the defendants appeal, as limited by their brief, from so much an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated October 7, 2008, as denied that branch of their motion which was for summary judgment dismissing, as time-barred, the third cause of action to recover damages for a continuing nuisance.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the third cause of action as time-barred is granted.

In this action, the plaintiff, Town of Babylon, alleged that the defendant construction companies entered into a contract with the County of Suffolk to construct a sewer system and related improvements, of which it was a third-party beneficiary. The plaintiff claimed that, during the course of constructing the sewers, the defendants improperly backfilled sewer trenches and, in doing so, failed to provide adequate support for roadways and other surface structures. The plaintiff further claimed that, as a result, it incurred costs in repairing those roadways and structures. The plaintiff asserted three causes of action against the defendants to recover damages for breach of contract, negligence, and continuing nuisance. The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action sounding in breach of contract and negligence on the ground that those causes of action were barred by the statute of limitations. However, the Supreme Court denied the branch of the motion which was for summary judgment dismissing the cause of action sounding in continuing nuisance, and the defendants appeal from that portion of the order. We reverse the order insofar as appealed from.

The cause of action sounding in continuing nuisance is time-barred for the reasons set forth in our determination of the ap-

peal in a related action (*see Town of Islip v H.T. Schneider Assoc.*, 73 AD3d 1029 [2010] [decided herewith]). Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.