■ TOWN OF ISLIP, Respondent, v H.T. SCHNEIDER ASSOCIATES et al., Appellants. [901 NYS2d 378]—

In an action to recover damages for breach of contract, negligence, and continuing nuisance, the defendants appeal, as limited by their brief, from so much an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated October 7, 2008, as denied that branch of their motion which was for summary judgment dismissing, as time-barred, the third cause of action to recover damages for a continuing nuisance.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the third cause of action to recover damages for a continuing nuisance as time-barred is granted.

In this action, the plaintiff, Town of Islip, alleged that the defendant construction companies entered into a contract with the County of Suffolk to construct a sewer system and related improvements, of which it was a third-party beneficiary. The plaintiff claimed that, during the course of constructing the sewers, the defendants improperly backfilled sewer trenches and, in doing so, failed to provide adequate support for roadways and other surface structures. The plaintiff further claimed that, as a result, it incurred costs in repairing those roadways and structures. The plaintiff asserted three causes of action against the defendants to recover damages for breach of contract, negligence, and continuing nuisance. The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action sounding in breach of contract and negligence on the ground that those causes of action were barred by the statute of limitations. However, the Supreme Court denied that branch of the motion which was for summary judgment dismissing the cause of action sounding in continuing nuisance, and the defendants appeal from that portion of the order. We reverse the order insofar as appealed from.

"[N]o matter how a claim is characterized in the complaint—negligence, malpractice, breach of contract—an owner's claim arising out of defective construction accrues on date of completion, *since all liability has its genesis in the*

*contractual relationship of the parties"* (*City School Dist. of City of Newburgh v Stubbins &* Assoc., 85 NY2d 535, 538 [1995] [emphasis added]; *see Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389, 394 [1977]; *Town of Poughkeepsie v Espie,* 41 AD3d 701, 706 [2007]). This rule applies even where the plaintiff is a third-party beneficiary of the contract (*see City School Dist. of City of Newburgh v Stubbins & Assoc.,* 85 NY2d at 538-539). In the case at bar, the acts underlying the cause of action sounding in continuing nuisance are the very same acts which underlie the breach of contract and negligence causes of actions, that is, the failure of the defendants to properly backfill the trenches during the performance of the construction contracts. Since the alleged continuing nuisance "has its genesis in the contractual relationship of the parties" (*id.* at 538), the cause of action sounding in continuing nuisance accrued when the construction work pursuant to the contract was substantially completed (*see e.g. Suffolk County Water Auth. v H.T. Schneider, Inc.,* 288 AD2d 297 [2001]; *Suffolk County Water Auth. v J.D. Posillico, Inc.,* 267 AD2d 301 [1999]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing, as barred by the statute of limitations, the cause of action sounding in continuing nuisance. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.