■ VILLAGE OF LINDENHURST, Appellant, v J.D. POSILLICO, INC., Respondent. [942 NYS2d 808]—

In an action to recover damages for continuing public nuisance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 7, 2010, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Village of Lindenhurst commenced this action in July 2009 against J.D. Posillico, Inc. (hereinafter Posillico), asserting a single cause of action alleging continuing public nuisance. The Village alleged that in 1972 Posillico entered into a contract with Suffolk County to perform construction work related to the installation of public sewers in the Village and other parts of the County, which was completed in 1975. The Village alleged that "faulty workmanship" by Posillico, including, but not limited to, improperly backfilling, and providing inadequate support to, excavated areas, has caused continuing damage to, among other things, its roadways. The Supreme Court, inter alia, granted that branch of Posillico's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. The Village appeals, and we affirm the order insofar as appealed from.

Although denominated as a cause of action sounding in continuing public nuisance, the plaintiff's cause of action is actually based upon allegations of injury to property. In an action against a construction contractor, the three-year statute of limitations to recover damages for injury to property (*see* CPLR 214 [4]) accrues upon substantial completion of the work "irrespective of when the damage was actually discovered" (*Suffolk County Water Auth. v J.D. Posillico, Inc.*, 267 AD2d 301, 302 [1999]; *see 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48, 51-52 [1964]). Accordingly, the action is time-barred.

Alternatively, viewing the complaint as an attempt by the Village to recharacterize, under a theory of nuisance, its rights as an alleged third-party beneficiary to the sewer construction contract (*see e.g. Town of Islip v Zara & Sons Contr. Co.*, 207 AD2d 339, 340 [1994]; *Town of Babylon v Lizza Indus.*, 191 AD2d 425, 426 [1993]), the action is barred by the six-year statute of limitations for a cause of action alleging breach of contract (*see Town of Islip v H.T. Schneider Assoc.*, 73 AD3d 1029, 1029-1030 [2010]; *see also City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d 535, 538 [1995]). "[N]o matter how a claim is characterized in the complaint—negligence, malpractice, breach of contract—an owner's claim arising out of defective construction accrues on date of completion, since all liability has its genesis in the contractual relationship of the parties" (*City School Dist. of City of Newburgh v Stubbins & Assoc.*, 85 NY2d at 538). This rule applies to actions alleging breach of contract commenced by a third-party beneficiary to the contract (*id.* at 538-539; *see Town of Islip v H.T. Schneider Assoc.*, 73 AD3d at 1030).

We further reject the Village's claim that the conduct giving rise to the alleged nuisance is ongoing, thereby giving rise to successive causes of action (*see e.g. Jensen v General Elec. Co.*, 82 NY2d 77, 85 [1993]; *cf. 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d at 52; *Bloomingdales, Inc. v New York City Tr. Auth.*, 13 NY3d 61 [2009]; *Rahabi v Morrison*, 81 AD2d 434, 439 [1981]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.