■ Town of Oyster Bay, Appellant, v J.D. Posillico, Inc., et al., Respondents. [942 NYS2d 806]—In an action to recover damages for continuing public nuisance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered January 5, 2011, as (1), upon renewal, in effect, vacated so much of its prior order entered April 9, 2010, as denied that branch of the motion of the defendant J.D. Posillico, Inc., which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred, and thereupon granted that branch of the motion, and (2) granted the separate motion of the defendant Lizza Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it as time-barred.

■ Town of Oyster Bay, Appellant, v J.D. Posillico, Inc., Respondent. [942 NYS2d 807]—In an action to recover damages for continuing public nuisance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered January 5, 2011, as, upon renewal, in effect, vacated so much of its prior order entered April 9, 2010, as denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and thereupon granted that branch of the motion.

Ordered that the order entered January 5, 2011, is affirmed insofar as appealed from, with costs.

The plaintiff alleges that, pursuant to a contract with Nassau County, the defendant completed certain sewer construction work in 1978, and that defects in the construction work constitute and contribute to a continuing public nuisance. The action is time-barred for the reasons stated in the companion case of

*Village of Lindenhurst v J.D. Posillico, Inc.* (94 AD3d 1101 [2012] [decided herewith]).

The plaintiff's contentions relating to alleged statutory violations are not properly before this Court. Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.