RIVERA, J. (dissenting):
Defendant Perkins Eastman Architects P.C. is not entitled to summary judgment. Material issues of fact, which should go to the jury, exist as to whether plaintiff City of New York (City) is a third-party beneficiary of defendant's contract with plaintiff Dormitory Authority of the State of New York (DASNY), and with respect to DASNY's tort claim for professional malpractice. The Appellate Division thus correctly determined that summary judgment was unwarranted, and we should answer the certified question in the affirmative.
***717 The drastic remedy of summary judgment may only be granted where, viewing the facts in the light most favorable to the non-movant, "the moving party has 'tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact,' " and the non-moving party has subsequently "fail [ed] 'to establish the existence of material issues of fact which require a trial of the action' " ( *465 Vega v. Restani Const. Corp., 18 N.Y.3d 499, 503, 942 N.Y.S.2d 13, 965 N.E.2d 240 [2012] [citations omitted] ). When deciding such a motion, "the court's role is limited to issue finding, not issue resolution" ( Kriz v. Schum, 75 N.Y.2d 25, 33, 550 N.Y.S.2d 584, 549 N.E.2d 1155 [1989] ). Summary judgment disposition is inappropriate where varying inferences may be drawn, because in those cases it is for the factfinder to weigh the evidence and resolve any issues necessary to a final conclusion (see id. at 33-34, 550 N.Y.S.2d 584, 549 N.E.2d 1155 ).
With respect to the City's claim, the majority's standard is perilously close to requiring that a contract expressly name a nonparty as a third-party beneficiary. Yet this is not the law. A nonparty that "is not a stranger to the contract," and whose relationship with the defendant is the "functional equivalent of privity," may assert a breach (see Town of Oyster Bay v. Lizza Industries, Inc., 22 N.Y.3d 1024, 1030, 981 N.Y.S.2d 643, 4 N.E.3d 944 [2013] [internal quotation marks omitted], quoting City School Dist. of City of Newburgh v. Hugh Stubbins & Associates, Inc., 85 N.Y.2d 535, 538-539, 626 N.Y.S.2d 741, 650 N.E.2d 399 [1995] ; see also Glen Banks, New York Contract Law § 8:11 [2d ed 28 West's NY Prac Series 2017] ["Enforcement of the contract-Third-party beneficiary"]; 22 N.Y. Jur 2d Contracts § 303 ). Here, the Appellate Division properly concluded an issue of fact exists as to whether the City is an intended third-party beneficiary of the DASNY-Perkins contract, because "[t]he contract expressly states that a city agency will operate the DNA laboratory, and the City retained control over various aspects of the project, including participation in and approval of the design of the building, the budget for the project, the selection of contractors, including Perkins, and the construction of the building" ( Dormitory Auth. of State v. Samson Const. Co., 137 A.D.3d 433, 434, 27 N.Y.S.3d 114 [1st Dept. 2016] ). I would add that DASNY is a "public benefit corporation," whose stated mission, helping finance and construct public projects, and established role, serving as project manager for government entities on projects similar to the City's DNA lab, suggest Perkins understood the real beneficiary was DASNY's named governmental client: the City. The contract also stipulated that the City was an insured on Perkins' general liability insurance policy, and that in the ***718 case of litigation Perkins would "indemnify and hold harmless [DASNY and] the Client ... against all claims arising out of the negligent acts, alleged negligent acts, or failure to act, by [Perkins]." Given that these contractual provisions suggest Perkins knew the City was the project's intended beneficiary, questions of fact foreclose the drastic remedy of summary judgment.
With respect to DASNY's professional malpractice claim, the majority misreads our case law. In Sommer v. Federal Signal Corp., this Court stated that professionals "may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" ( 79 N.Y.2d 540, 551, 583 N.Y.S.2d 957, 593 N.E.2d 1365 [1992] [citations omitted] ). Thus, for the reasons thoroughly discussed in Judge Wilson's dissent, in which I join, summary judgment dismissing that cause of action should not have been granted.
Order reversed, with costs, and defendant Perkins Eastman Architects, P.C.'s motion, insofar as it sought summary judgment dismissing the fifth cause of action for breach of contract and dismissing the sixth cause of action for negligence, granted and certified question answered in the negative.
Judges Stein, Fahey, Garcia and Feinman concur.
Judge Wilson dissents in part in an opinion, in which Judge Rivera concurs in part in a separate dissenting opinion.