Town of W. Seneca v Kideney Architects, P.C. (2020 NY Slip Op 05323)





Town of W. Seneca v Kideney Architects, P.C.


2020 NY Slip Op 05323


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


265 CA 19-00135

[*1]TOWN OF WEST SENECA, PLAINTIFF-APPELLANT,
v
KIDENEY ARCHITECTS, P.C., FORMERLY KNOWN AS KIDENEY ARCHITECTS, LAPING JAEGER ASSOCIATES, P.C., DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






ERNSTROM & DRESTE, LLP, ROCHESTER (MATTHEW D. HOLMES OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ & FINE, P.C., BUFFALO (ANDREA SCHILLACI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J., by Frederick J. Marshall, J.), entered January 17, 2019. The order granted defendant's motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this malpractice action against defendant, an architectural firm, in relation to a construction project. Before breaking ground on the project, plaintiff entered into an agreement with an engineering firm, pursuant to which the engineering firm agreed to provide professional engineering services on the project. The engineering firm, in turn, entered into a contract with defendant, pursuant to which defendant agreed to provide professional architectural services on the project. Plaintiff certified the building as complete in 2002, found damage in 2017, and commenced this action in 2018.
In appeal No. 1, plaintiff appeals from an order granting defendant's motion to dismiss the complaint. In appeal No. 2, plaintiff appeals from an order that revised the order in appeal No. 1 by setting forth the reasons for dismissal of the complaint, and that denied plaintiff's motion to settle the record on appeal in appeal No. 1.
We first address plaintiff's contentions in appeal No. 2. Insofar as the order in that appeal concerns dismissal of the complaint, we dismiss the appeal because the order "merely clarified" the original order (Matter of Kolasz v Levitt, 63 AD2d 777, 779 [3d Dept 1978]). With respect to the motion to settle the record on appeal, however, we agree with plaintiff that Supreme Court erred in denying that motion. More particularly, the court erred in excluding from the record the transcript of oral argument on the motion to dismiss the complaint (see Mosey v County of Erie, 148 AD3d 1572, 1573 [4th Dept 2017]; OneWest Bank, FSB v Spencer, 145 AD3d 1488, 1488 [4th Dept 2016]), and the memoranda of law, which may be included only for the limited purpose of determining whether the contentions on appeal are preserved for our review (see Byrd v Roneker, 90 AD3d 1648, 1649 [4th Dept 2011]). We thus modify the order in appeal No. 2 by granting the motion to settle the record on appeal.
With respect to appeal No. 1, we conclude that the court properly granted defendant's motion to dismiss the complaint on the ground that plaintiff's cause of action is barred by the three-year statute of limitations (see CPLR 214 [6]; Gelwicks v Campbell, Surveyors, 257 AD2d 601, 602 [2d Dept 1999]). Plaintiff contends that its cause of action did not accrue upon completion of the construction in 2002, but rather upon discovery of the damage in 2017, [*2]because it was not a party to the contract pursuant to which defendant agreed to provide architectural services. We reject that contention. A claim against an architect accrues upon the completion of performance (see Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1030 [2013], rearg denied 23 NY3d 934 [2014]; City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538 [1995]). "This rule applies 'no matter how a claim is characterized in the complaint' because 'all liability' for defective construction 'has its genesis in the contractual relationship of the parties' " (Lizza Indus., Inc., 22 NY3d at 1030, quoting City School Dist. of City of Newburgh, 85 NY2d at 538). "Even if the plaintiff is not a party to the underlying construction contract, the claim may accrue upon completion of the construction where the plaintiff is not a 'stranger to the contract,' and the relationship between the plaintiff and the defendant is the 'functional equivalent of privity' " (id., quoting City School Dist. of City of Newburgh, 85 NY2d at 538-539).
Despite the lack of privity between plaintiff and defendant, plaintiff was "not a stranger to the contract" (City School Dist. of City of Newburgh, 85 NY2d at 538). Indeed, we conclude that plaintiff was an intended third-party beneficiary of the contract (see id.). A nonparty to a contract is an intended third-party beneficiary where (1) there is a "valid and binding contract between other parties," (2) the contract was intended for the nonparty's benefit, and (3) "the benefit to [the nonparty] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the nonparty] if the benefit is lost" (Logan-Baldwin v L.S.M. Gen. Contrs., Inc., 94 AD3d 1466, 1468 [4th Dept 2012]; see DeLine v CitiCapital Commercial Corp., 24 AD3d 1309, 1311 [4th Dept 2005]). A nonparty is " 'an intended beneficiary, rather than merely an incidental beneficiary, when the circumstances indicate that the promisee[, i.e., the engineering firm here,] intends to give the beneficiary the benefit of the promised performance' " (Logan-Baldwin, 94 AD3d at 1468; see Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 44 [1985]). The circumstances present here satisfy that test. It is undisputed that there was a valid contract between defendant and the engineering firm. That contract specifically listed plaintiff in the recitals, and expressly incorporated the agreement between the engineering firm and plaintiff. Pursuant to that contract, defendant designed the building that plaintiff has owned for nearly two decades. Indeed, plaintiff alleged in the complaint that defendant knew that its services were for plaintiff's benefit, and that plaintiff would rely upon those services.
Because plaintiff "is not a 'stranger to the contract,' " its professional malpractice cause of action accrued upon completion of performance by defendant (Lizza Indus., Inc., 22 NY3d at 1030; see City School Dist. of City of Newburgh, 85 NY2d at 538). Therefore, the complaint is time-barred (see CPLR 214 [6]).
In light of our determination, plaintiff's remaining contentions in appeal No. 1 are academic.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court