Webster Golf Club, Inc. v Monroe County Water Auth. (2023 NY Slip Op 04280)

Webster Golf Club, Inc. v Monroe County Water Auth.

2023 NY Slip Op 04280

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, AND MONTOUR, JJ.

525.1 CA 22-00816

[*1]WEBSTER GOLF CLUB, INC., AND B & C GOLF, INC., PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
MONROE COUNTY WATER AUTHORITY, DEFENDANT-APPELLANT-RESPONDENT, O'BRIEN & GERE ENGINEERS, INC., LECHASE CONSTRUCTION SERVICES, LLC, FISHER ASSOCIATES, P.E., L.S., L.A., D.P.C., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DANIEL R. ROSE OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
KNAUF SHAW LLP, ROCHESTER (AMY K. KENDALL OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 
HARRIS BEACH PLLC, SYRACUSE (ALLISON B. FIUT OF COUNSEL), FOR DEFENDANT-RESPONDENT O'BRIEN & GERE ENGINEERS, INC.
ADAMS LECLAIR LLP, ROCHESTER (RICHARD T. BELL OF COUNSEL), FOR DEFENDANT-RESPONDENT LECHASE CONSTRUCTION SERVICES, LLC.
SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN A. DAVOLI OF COUNSEL), FOR DEFENDANT-RESPONDENT FISHER ASSOCIATES, P.E., L.S., L.A., D.P.C.

 Appeal and cross-appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered March 29, 2022. The order and judgment, among other things, denied in part and granted in part the motion of defendant Monroe County Water Authority for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting those parts of the motion of defendant Monroe County Water Authority seeking summary judgment dismissing the fifth cause of action and seeking summary judgment dismissing the sixth and seventh causes of action insofar as they are based on the diversion of water, and dismissing those causes of action to that extent, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff Webster Golf Club, Inc. operates a golf club on property owned by plaintiff B & C Golf, Inc. (B & C). A stream running through the property feeds ponds on the golf course, which are used to irrigate the golf course. The stream is fed by two tributaries, one of which—the western tributary—originates on nearby property owned by defendant Monroe County Water Authority (MCWA). Around 2010, MCWA began working on a water supply project that included the construction of a water treatment plant and MCWA and B & C entered into an easement permitting MCWA to place a backwash pipe on B & C's property. Pursuant to the easement, MCWA agreed to compensate B & C for damage caused by "installing, maintaining, operating, constructing, or repairing" the pipe. Defendants O'Brien & Gere Engineers, Inc., LeChase Construction Services, LLC, and Fisher Associates, P.E., L.S., L.A., D.P.C. (collectively, construction defendants) were involved in the design and construction of the [*2]MCWA project, which was completed in September 2013.
Plaintiffs commenced this action against MCWA in November 2015 and filed a supplemental summons and amended complaint adding the construction defendants, among others, in August 2017. The amended complaint asserted four causes of action against defendants, for private nuisance, public nuisance, negligence, and trespass, and three causes of action against MCWA only, for a de facto taking, violation of 42 USC § 1983, and breach of contract with respect to the easement. Primarily, plaintiffs alleged that MCWA's water treatment project and the construction defendants' design and construction thereof diminished the flow of water from MCWA's property to plaintiffs' stream. Secondarily, plaintiffs alleged that the construction activities caused silt or sediment to be deposited into plaintiffs' ponds, reducing their capacity.
MCWA moved for summary judgment dismissing the amended complaint against it. The construction defendants each moved for summary judgment dismissing the amended complaint and any cross-claims against them. Plaintiffs cross-moved for summary judgment on the amended complaint. Supreme Court granted MCWA's motion in part by dismissing the first, second, third, and fourth causes of action as time-barred. The court denied MCWA's motion with respect to the fifth, sixth, and seventh causes of action. The court granted the construction defendants' motions on the ground that plaintiffs' causes of action against them were time-barred. The court denied plaintiffs' cross-motion.
Addressing first MCWA's appeal, we agree with MCWA that the court erred in determining that plaintiffs have riparian rights to the surface waters collecting on MCWA's property. "The owners of land on a water-course, are not owners of the water which flows in it" (Barkley v Wilcox, 86 NY 140, 146 [1881]), and "the law has always recognized a wide distinction, between the right of an owner, to deal with surface water falling or collecting on [its] land, and [an owner's] right in the water of a natural water-course" (id. at 147). "In such [surface] water, before it leaves [the owner's] land and becomes part of a definite water-course, the owner of the land is deemed to have an absolute property, and [the owner] may appropriate it to [its] exclusive use, or get rid of it in any way [it] can, provided only that [the owner] does not cast it by drains, or ditches, upon the land of [its] neighbor; and [the owner] may do this, although by so doing [it] prevents the water reaching a natural water-course, as it formerly did, thereby occasioning injury to . . . other proprietors on the stream" (id.; see Kossoff v Rathgeb-Walsh, 3 NY2d 583, 590 [1958]; Hanley v State of New York, 193 AD3d 1397, 1397-1398 [4th Dept 2021], lv denied 37 NY3d 915 [2021]).
Here, plaintiffs alleged that MCWA prevented water from flowing off of its property, which diminished the flow of water into the western tributary and thus diminished the amount of water entering the stream located on plaintiffs' property. According to the amended complaint, the water "originate[d] on the property of [MCWA]," and the western tributary was fed by "wetlands on MCWA property, rainwater, groundwater and/or underground springs." Thus, MCWA established, through plaintiffs' own pleadings, that "[t]here was no natural water-course over [its] lot. The surface water, by reason of the natural features of the ground, and the force of gravity, when it accumulated beyond a certain amount . . . passed upon, and over" MCWA's property (Barkley, 86 NY at 144).
In opposition, plaintiffs failed to raise a triable issue of fact inasmuch as their own submissions described the contested water as "groundwater" and "surfacewater" that flowed from "wetlands" on MCWA's property. Similarly, plaintiffs' causation expert opined that plaintiffs' stream was diminished due to MCWA's act of "block[ing] off drainage" from its property and "due to changes in the surface and groundwater flow," not by interference with a pre-existing watercourse on MCWA's land.
Thus, MCWA established its entitlement to judgment as a matter of law dismissing plaintiffs' fifth cause of action, which alleged a de facto taking based solely on plaintiffs' riparian rights and "MCWA's restriction of water flowing into the Stream." Similarly, to the extent that plaintiffs' sixth and seventh causes of action are predicated on allegations that MCWA prevented or impeded plaintiffs from exercising their riparian rights, those causes of action must also be dismissed. We therefore modify the order and judgment accordingly.
MCWA further contends that the court erred in denying its motion insofar as it sought summary judgment dismissing plaintiffs' sixth cause of action, alleging a violation of 42 USC § 1983, as untimely. We reject that contention. To the extent that plaintiffs' sixth cause of action alleges that MCWA caused silt and sediment to be deposited into plaintiffs' ponds, which diminished their holding capacity, we conclude that MCWA failed to meet its initial burden on the motion of establishing that the cause of action was untimely inasmuch as there are questions of fact whether the alleged silt and sediment were discharged more than three years before the action was commenced against MCWA (see generally Chavis v Syracuse Community Health Ctr., Inc., 96 AD3d 1489, 1490 [4th Dept 2012]; Glacial Aggregates LLC v Town of Yorkshire, 72 AD3d 1644, 1645-1646 [4th Dept 2010], appeal dismissed 16 NY3d 760 [2011]; Zayatz v Collins, 48 AD3d 1287, 1290 [4th Dept 2008]).
MCWA further contends that the court erred in denying its motion for summary judgment on the seventh cause of action, for breach of contract. As noted above, the motion must be granted to the extent that it seeks summary judgment dismissing the seventh cause of action insofar as it is based on MCWA's alleged retention or diversion of surface waters. However, the seventh cause of action also alleges that MCWA breached the easement by discharging silt or sediment into the ponds without remediating that condition or compensating B & C for the cost of remediation. Although the easement does not obligate MCWA to remediate any conditions other than those caused by the backwash pipe, the amended complaint relevantly alleges that the construction of the backwash pipe "resulted in . . . the release of contaminants, including silt, into the [s]tream." MCWA argues that the allegation is based on pure speculation, but MCWA's submissions on its motion did not demonstrate that the construction of the backwash pipe did not result in the release of contaminants. As the proponent of the motion for summary judgment, MCWA cannot meet its initial burden on the motion only by noting gaps in the non-movants' proof (see Freeland v Erie County, 204 AD3d 1465, 1467 [4th Dept 2022]). Thus, we conclude that the court did not err in denying MCWA's motion to the extent that it sought summary judgment dismissing the seventh cause of action insofar as it alleges that MCWA breached the easement with respect to silt or sediment deposited in the ponds by virtue of the installation of the backwash pipe.
On their cross-appeal, plaintiffs contend that the court erred in granting MCWA's and the construction defendants' respective motions insofar as they sought summary judgment dismissing the first four causes of action as untimely. In light of our determination that plaintiffs had no right to the surface water on MCWA's property and, therefore, no viable claims against MCWA and the construction defendants based on the alleged diversion of that water, we address plaintiffs' contentions with respect to the first four causes of action only insofar as those causes of action are based on the alleged discharge of silt and sediment into the ponds, and we reject those contentions. Defendants, as the movants for summary judgment, "bore the initial burden of establishing their entitlement to judgment dismissing the [amended] complaint as time-barred as a matter of law" (Citibank, N.A. v Gifford, 204 AD3d 1382, 1383 [4th Dept 2022] [internal quotation marks omitted]). The construction defendants met their initial burden of establishing that plaintiffs' first four causes of action against them were untimely insofar as the allegations were based on the alleged deposit of sediment into the ponds inasmuch as the action was commenced against them over three years from the date of the alleged injury (see CPLR 214 [4]). In response, plaintiffs failed to raise an issue of fact (see generally Federal Natl. Mtge. Assn. v Tortora, 188 AD3d 70, 74 [4th Dept 2020]). Plaintiffs contend that those causes of action accrued in August 2014 when plaintiffs first noticed the diminished stream, because that is the time at which the injury occurred. We reject that contention. Plaintiffs' claims against the construction defendants, based on defective design and construction, accrued at the time the sediment was allegedly deposited into the ponds, thereby decreasing their capacity, which occurred at the latest upon the substantial completion of the construction (see Suffolk County Water Auth. v J.D. Posillico, Inc., 267 AD2d 301, 302 [2d Dept 1999]; see generally City School Dist. of City of Newburgh v Stubbins & Assoc., 85 NY2d 535, 538 [1995]; Farash Constr. Corp. v Stanndco Developers, 139 AD2d 899, 900 [4th Dept 1988], lv dismissed 73 NY2d 918 [1989]). Inasmuch as plaintiffs commenced the action against the construction defendants "more than three years after substantial completion of the work, irrespective of when the damage was actually discovered," the court properly granted the construction defendants' motions (Suffolk County Water Auth., 267 AD2d at 302).
Similarly, MCWA established its entitlement to judgment as a matter of law inasmuch as [*3]plaintiffs' first four causes of action, insofar as they are based on the release of sediment, are time-barred because the action was commenced beyond the 1 year and 90 days' statute of limitations (see Public Authorities Law § 1109 [1]; Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 65 [2009]).
We further conclude that plaintiffs did not raise triable issues of fact with respect to the timeliness of their causes of action for nuisance and trespass based on the application of the continuing wrong doctrine. "[I]njuries to property caused by a continuing nuisance involve a 'continuous wrong' and, therefore, generally give rise to successive causes of action that accrue each time a wrong is committed" (Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1031 [2013], rearg denied 23 NY3d 934 [2014]). The "continuing wrong doctrine" applies " 'in certain cases such as nuisance or continuing trespass where the harm sustained by the complaining party is not exclusively traced to the day when the original objectionable act was committed' " (Capruso v Village of Kings Point, 23 NY3d 631, 639 [2014], quoting Covington v Walker, 3 NY3d 287, 292 [2004], cert denied 545 US 1131 [2005]; see Bratge v Simons, 167 AD3d 1458, 1460 [4th Dept 2018]). However, "[t]he doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721 [2d Dept 2019] [internal quotation marks omitted]; see EPK Props., LLC v Pfohl Bros. Landfill Site Steering Comm., 159 AD3d 1567, 1569 [4th Dept 2018]). The "distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs" (Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017] [internal quotation marks omitted]; see generally Bratge, 167 AD3d at 1460).
Here, we reject plaintiffs' contention that the continuing wrong doctrine applies to the first, second, and fourth causes of action insofar as they are based on the alleged discharge of silt and sediment into the ponds. With respect to the discharge of silt and sediment, MCWA and the construction defendants established that any such discharge was a discrete act that occurred during the construction of the water treatment facility, which was completed in September 2013. Thus, the continuous wrong doctrine cannot save plaintiffs' first, second, and fourth causes of action.
We have considered plaintiffs' remaining contentions on their cross-appeal and conclude that they are without merit.
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court