Coe v Village of Waterloo (2024 NY Slip Op 03628)

Coe

2024 NY Slip Op 03628

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

364 CA 23-01161

[*1]RODERICK E. COE, PLAINTIFF-APPELLANT,
v
VILLAGE OF WATERLOO AND COUNTY OF SENECA, DEFENDANTS-RESPONDENTS.

ADAMS LECLAIR LLP, ROCHESTER (DANIEL P. ADAMS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MCGIVNEY KLUGER CLARK & INTOCCIA, P.C., SYRACUSE (ROBERT J. CONNOR, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT VILLAGE OF WATERLOO.
GERBER CIANO KELLY BRADY LLP, BUFFALO (MATTHEW S. LERNER OF COUNSEL), FOR DEFENDANT-RESPONDENT COUNTY OF SENECA.

Appeal from an order of the Supreme Court, Seneca County (Jason L. Cook, J.), entered January 18, 2023. The order, inter alia, granted the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages and injunctive relief based on allegations that defendants were responsible for damage to certain properties owned by him as a result of the artificial diversion of water onto such properties. Plaintiff asserted causes of action for trespass, nuisance, and injunction. Defendants each moved for summary judgment dismissing the complaint against them, contending, in relevant part, that plaintiff's causes of action were time-barred. Supreme Court granted the respective motions, and we now affirm.
Plaintiff owns three adjacent parcels of property that rely on a century-old stone box culvert drainage system located underground. Adjacent to, and upstream of plaintiff's properties is the Seneca County Courthouse (courthouse). In 2015, defendants both participated in a renovation project for the courthouse. The renovation project included, in relevant part, the installation of a new stormwater drainage system, which was connected to the stone culvert located under plaintiff's properties. Thereafter, stormwater from the courthouse flowed from that property into the stone culvert located under plaintiff's properties, causing those properties to flood. The flooding started in 2015 and continued through 2021. Plaintiff never experienced flooding problems prior to the renovation project.
We conclude that the court properly determined that the trespass and nuisance causes of actions are time-barred. As relevant here, "General Municipal Law § 50-e (1) (a) requires service of a notice of claim within 90 days after the claim arises" (Margerum v City of Buffalo, 24 NY3d 721, 730 [2015]; see Sharpe v Town of Conesus, 19 AD3d 1029, 1029 [4th Dept 2005]). Further, General Municipal Law § 50-i (1) (c) requires commencement of an action for damage to real property "alleged to have been sustained by reason of the negligence or wrongful act" of a village or county to occur "within one year and [90] days after the happening of the event upon which the claim is based." An action to recover damages for injury to property "accrues 'when the damage [is] apparent' " (Russell v Dunbar, 40 AD3d 952, 953 [2d Dept 2007]; see EPK Props., LLC v Pfohl Bros. Landfill Site Steering Comm., 159 AD3d 1567, 1568 [4th Dept 2018]). Here, defendants met their initial burdens on their respective motions of establishing that the trespass [*2]and nuisance causes of action accrued, at the latest, in 2015 upon the completion of the courthouse renovation project, which is when plaintiff first observed the flooding of his properties (see EPK Props., LLC, 159 AD3d at 1569).
In opposition, plaintiff did not raise any triable issues of fact with respect to the timeliness of the causes of action for nuisance and trespass based on the application of the continuing wrong doctrine. Plaintiff contends that, because the diversion of water onto his properties as a result of the renovation project continually occurred and, indeed, has caused flooding as recently at 2021, the torts are continuous and, consequently, his trespass and nuisance causes of action are not time-barred. We reject that contention and conclude that the continuing wrong doctrine does not apply here. Courts will apply the continuing wrong doctrine in cases of " 'nuisance or continuing trespass where the harm sustained by the complaining party is not exclusively traced to the day when the original objectionable act was committed' " (Capruso v Village of Kings Point, 23 NY3d 631, 639 [2014] [emphasis added]; see Webster Golf Club, Inc. v Monroe County Water Auth., 219 AD3d 1136, 1141 [4th Dept 2023], amended on rearg 221 AD3d 1604 [4th Dept 2023]; EPK Props., LLC, 159 AD3d at 1569). However, "[t]he doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721 [2d Dept 2019] [internal quotation marks omitted]). Stated another way, "[t]he distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs" (Webster Golf Club, Inc., 219 AD3d at 1141 [internal quotation marks omitted]; see Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]; see also Bratge v Simons, 167 AD3d 1458, 1460 [4th Dept 2018]).
Here, the undisputed facts establish that plaintiff's damages can be traced to a specific, objectionable act—i.e., the renovation project completed in 2015. The evidence shows that the flooding of plaintiff's properties did not occur until after the project was complete and that plaintiff was aware of the flooding at that time. Plaintiff did not submit any evidence in opposition to rebut defendants' evidence about when the flooding first occurred and his awareness of it. Moreover, he did not submit any evidence to show that any subsequent flooding of his properties was the result of anything but the work performed by defendants in 2015. Consequently, we conclude that the continuing wrong doctrine does not apply here to preclude dismissal of the trespass and nuisance causes of action (see generally Webster Golf Club, Inc., 219 AD3d at 1141; EPK Props., LLC, 159 AD3d at 1569).
Finally, inasmuch as we conclude that the court properly granted defendants' motions with respect to the trespass and nuisance causes of action, we further conclude that the court properly granted defendants' motions with respect to plaintiff's cause of action seeking a permanent injunction. Such relief "is simply not available when the plaintiff does not have any remaining substantive cause of action" (Pickard v Campbell, 207 AD3d 1105, 1110 [4th Dept 2022], lv denied 39 NY3d 910 [2023] [internal quotation marks omitted]; see Town of Macedon v Village of Macedon, 129 AD3d 1639, 1641 [4th Dept 2015]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court